Fred I. Williams (Texas Bar No. 00794855)
(admission *pro hac vice* pending)
fwilliams@velaw.com
Mario Apreotesi (Texas Bar No. 24080772)
(admission *pro hac vice* pending)
mapreotesi@velaw.com
Olin Ray Hebert (Texas Bar No. 24097819)
(admission *pro hac vice* pending)
thebert@velaw.com
**VINSON & ELKINS LLP**
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
512.542.8400 Telephone
512.542.8612 Facsimile

Todd E. Landis (Texas Bar No. 24030226)
(admission *pro hac vice* pending)
tlandis@velaw.com
**VINSON & ELKINS LLP**
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
214.220.7700 Telephone
214.220.7716 Facsimile

David J. Tsai (California Bar No. 244479)
dtsai@velaw.com
**VINSON & ELKINS LLP**
555 Mission Street, Suite 2000
San Francisco, CA 94105
415.979.6900 Telephone
415.651.8786 Facsimile

**Attorneys for Defendants HTC Corporation and HTC America, Inc.**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**SAN DIEGO**

| | |
|---|---|
| INFOGATION CORP.,<br><br>Plaintiff,<br><br>vs.<br><br>HTC CORPORATION and HTC AMERICA, INC.,<br><br>Defendants. | Case No. 16-cv-1902-H-JLB<br><br>DEFENDANTS HTC CORPORATION AND HTC AMERICA, INC'S ANSWER AND COUNTERCLAIMS<br><br>DEMAND FOR JURY TRIAL |

Defendants HTC Corporation and HTC America, Inc. ("HTC" or "Defendants"), hereby file their Answer and Counterclaims to Plaintiff InfoGation Corp's ("InfoGation") Complaint filed July 27, 2016 (the "Complaint").

**NATURE OF ACTION**

1. HTC admits that this case purports to be an action for patent infringement of U.S. Patent No. 6,292,743 ("the '743 patent"). HTC admits that the face of the '743 patent names Qing Kent Pu and Hui Henry Li as inventors. HTC denies any remaining allegations of Paragraph 1.

**PARTIES**

2. HTC is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 and therefore denies the same.

3. Admitted.

4. Admitted.

5. HTC admits that HTC America, Inc., is a subsidiary of HTC Corporation. HTC is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 5 and therefore denies them.

**JURISDICTION AND VENUE**

6. HTC admits that the Complaint purports to state a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. HTC admits that this Court has subject matter jurisdiction over patent law claims provided that the requirements of standing are satisfied.

7. HTC denies that venue is proper in this District as to HTC. HTC further denies that this District is a convenient forum for this case and denies committing any acts of infringement. HTC denies the remaining allegations of Paragraph 7.

8. HTC admits that HTC America, Inc., has registered with the California Secretary of State to conduct business in California. HTC does not contest that, for

purposes of this case only, that this Court has personal jurisdiction over HTC America, Inc. and HTC Corporation. HTC denies any remaining allegations of Paragraph 8.

## THE PATENTS-IN-SUIT

9. HTC admits that the ’743 patent appears to have issued on September 18, 2001; that the ’743 patent is entitled “Mobile Navigation System,” and names Qing Kent Pu and Hui Henry Li as purported inventors; and that a copy of the ’743 patent appears to be attached as Exhibit A. HTC denies any remaining allegations of Paragraph 9.

10. HTC is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 and therefore denies them.

11. Denied.

## FACTUAL ALLEGATIONS

12. HTC is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and therefore denies them.

13. HTC is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 and therefore denies them.

14. Denied.

15. HTC admits that each of the HTC 10, HTC Amaze, HTC Aria, HTC Butterfly, HTC ChaCha, HTC Desire, HTC DROID DNA, HTC Droid Incredible, HTC Evo, HTC Explorer, HTC First, HTC Google Nexus One, HTC Gratia, HTC Hero, HTC Incredible, HTC Inspire, HTC J, HTC Legend, HTC Merge, HTC One, HTC Panache, HTC Primo, HTC Raider, HTC Rezound, HTC Rhyme, HTC Salsa, HTC Sensation, HTC Status, HTC ThunderBolt, HTC Velocity, HTC Vivid, and HTC Wildfire utilizes a version of the Android operating system. HTC denies the remaining allegations of Paragraph 15.

16. Denied.

17. Denied.

18. Denied.

19. HTC admits that it does not have a license to the ’743 patent. HTC denies the remaining allegations of Paragraph 19.

**COUNT 1**

**INFRINGEMENT OF U.S. PATENT NO. 6,292,743**

20. HTC restates and incorporates by reference its answers to Paragraphs 1–19 of the Complaint.

21. Denied.

22. Denied.

23. Denied.

**PRAYER FOR RELIEF**

This paragraph responds to the statement of relief requested by InfoGation, to which no response is required. HTC denies that InfoGation is entitled to any of the requested relief and denies all allegations of infringement.

**DEFENSES**

Subject to the responses above, HTC alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, subject to their responses above, HTC specifically reserves all rights to allege additional defenses that become known through the course of discovery.

**FIRST DEFENSE**

**(Failure to State a Claim)**

1. Plaintiff fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

**(Non-Infringement)**

2. HTC does not infringe and has not infringed any valid, enforceable claim of the ’743 patent, either literally or under the doctrine of equivalents.

**THIRD DEFENSE**

**(Invalidity)**

3. The claims of the ’743 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 100 *et seq*, including §§ 101, 102, 103, and 112.

**FOURTH DEFENSE**

**(Limitation on Damages)**

4. Plaintiff is barred from recovering any pre-lawsuit claim for damages for failure to comply with 35 U.S.C. §§ 286, 287.

**FIFTH DEFENSE**

**(Limitation on Costs)**

5. Plaintiff is barred from recovering any claim for costs according to 35 U.S.C. § 288.

**SIXTH DEFENSE**

**(License and Exhaustion)**

6. To the extent that Plaintiff has licensed or otherwise exhausted its rights and remedies as to products or services that are accused, HTC is not liable to Plaintiff for any alleged acts of infringement related to such products or services.

**SEVENTH DEFENSE**

**(No Double Recovery)**

7. Plaintiff’s requests for relief are barred or otherwise limited by restrictions on double recovery.

**EIGHTH DEFENSE**

**(Standing)**

8. Because Plaintiff did not have sufficient rights in the ’743 Patent at the time it filed suit, Plaintiff lacks standing to bring this infringement action.

**NINTH DEFENSE**

**(Extraterritoriality)**

9. Plaintiff’s claims for patent infringement are precluded in whole or in part to the extent that any accused functionality or acts are located or performed outside of the United States.

**TENTH DEFENSE**

**(Waiver)**

10. Plaintiff’s claims and requested relief are barred by the doctrine of waiver.

**ELEVENTH DEFENSE**

**(Laches)**

11. Plaintiff’s claims are barred by the doctrine of laches by reason of the conduct, actions, omissions, and/or communications of Plaintiff and/or its predecessors-in-interest, as Plaintiff and/or its predecessors-in-interest have delayed an unreasonable period of time before bringing this action, which delay caused detriment and prejudice to HTC.

**TWELFTH DEFENSE**

**(Exceptional Case)**

12. HTC’s actions in defending this case do not give rise to an exceptional case under 35 U.S.C. § 285.

## THIRTEENTH DEFENSE

**(No Equitable Relief)**

13. To the extent that Plaintiff establishes an entitlement to relief, Plaintiff has an adequate remedy at law and no basis exists for the grant of equitable relief.

## FOURTEENTH DEFENSE

**(Prosecution History Estoppel)**

14. By reason of prior art and/or statements and representations made to the United States Patent and Trademark Office during the prosecution of the application that led to the issuance of the ’743 patent, the ’743 patent is so limited that no claim can be construed as covering any HTC product.

## RESERVATION OF RIGHTS PARAGRAPH

HTC America continues to investigate this matter and reserves the right to amend its Answer, add counterclaims and any additional defenses not presented herein, including, but not limited to those defenses revealed during discovery.

## COUNTERCLAIMS

HTC, for its Counterclaims against InfoGation and upon information and belief, states as follows:

## THE PARTIES

1. HTC Corporation is a Taiwanese corporation with its principal place of business at No. 23, Xinghua Road, Taoyuan District, Taoyuan City 330, Taiwan, Republic of China.

2. HTC America, Inc., is a Washington corporation with a place of business at 308 Occidental Avenue South, Suite 300, Seattle, Washington 98104.

3. According to its Complaint, InfoGation is a Delaware corporation with its principal place of business at 12250 El Camino Real, Suite 116, San Diego, California, 92130.

## JURISDICTION AND VENUE

4. Subject to HTC's affirmative defenses and denials, HTC alleges that this Court has original jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201 and 2202, and that venue for these Counterclaims is proper in this District.

5. This Court has personal jurisdiction over Plaintiff.

## FACTUAL BACKGROUND

6. In its complaint, Plaintiff purports to be the assignee and owner of U.S. Patent No. 6,292,743 ("the '743 patent").

7. In its complaint, Plaintiff asserts that HTC has infringed the '743 patent.

8. HTC does not and has not infringed, directly or indirectly, by inducement or by contribution, any valid, enforceable claim of the '743 patent, either literally or under the doctrine of equivalents.

9. The claims of the '743 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more requirements of 35 U.S.C. §§ 100 *et seq*., including §§ 101, 102, 103, and 112.

10. Consequently, there is an actual case or controversy between the parties over the non-infringement and invalidity of the '743 patent.

## FIRST COUNT

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,292,743

11. HTC restates and incorporates by reference its allegations in paragraphs 1 through 10 of its Counterclaims.

12. An actual case or controversy exists between HTC and Plaintiff as to whether the '743 patent is not infringed by HTC.

13. A judicial declaration is necessary and appropriate so that HTC may ascertain its rights regarding the '743 patent.

14. HTC has not infringed and does not infringe, directly, or indirectly, any valid and enforceable claim of the ’743 patent, either literally or under the doctrine of equivalents.

15. This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

**SECOND COUNT**

**Declaratory Judgment of Invalidity of U.S. Patent No. 6,292,743**

16. HTC restates and incorporates by reference its allegations in paragraphs 1 through 15 of its Counterclaims.

17. An actual case or controversy exists between HTC and Plaintiff as to whether the ’743 patent is invalid.

18. A judicial declaration is necessary and appropriate so that HTC may ascertain its rights as to whether the ’743 patent is invalid.

19. The ’743 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the requirements of 35 U.S.C. §§ 100 *et seq*., including §§ 101, 102, 103, and 112.

20. This is an exceptional case under 35 U.S.C. § 285 including without limitation because Plaintiff filed its Complaint with knowledge of the facts stated in this Counterclaim.

**REQUEST FOR RELIEF**

WHEREFORE, HTC prays for judgment as follows:

A. A judgment dismissing Plaintiff’s Complaint against HTC with prejudice;

B. A judgment in favor of HTC on all of its Counterclaims;

C. A declaration that HTC has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claim of the ’743 patent;

D. A declaration that the claims of the ’743 patent are invalid;

E. A declaration that this case is exceptional and an award to HTC of its reasonable costs and expenses of litigation, including attorneys’ fees and expert witness fees;

F. A judgment limiting or barring Plaintiff’s ability to enforce the ’743 patent in equity; and

G. Such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure, HTC respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: November 1, 2016

Respectfully submitted:

By: */s/ David J. Tsai*
Fred I. Williams
Todd E. Landis
David J. Tsai
Mario Apreotesi
Olin Ray Hebert

Attorneys for Defendants HTC Corporation and HTC America, Inc.

# PROOF OF SERVICE

I declare, that I am, and was at the time of service of the papers herein referred to, over the age of eighteen years, and not a party to the action; and I am employed in the County of San Francisco, State of California. My business address is 555 Mission Street, Suite 2000, San Francisco, California 94105. On November 1, 2016, at San Francisco, California, I served the following document titled: **DEFENDANTS HTC CORPORATION AND HTC AMERICA, INC'S ANSWER AND COUNTERCLAIMS** on the parties to this action, through counsel of record, as follows:

☒ ELECTRONIC TRANSMISSION: I filed the foregoing document with the Clerk of the Court for the United States District Court, Southern District of California, using the Electronic Case Filing ("ECF") system of the Court. The attorneys listed below have consented to receive service by electronic means and are registered with the Court's ECF system and were served a "Notice of Electronic Filing" sent by the ECF system.

Edward A. Pennington
epennington@sgrlaw.com
Jennifer L. Feldman
jfeldman@sgrlaw.com
John P. Moy
jmoy@sgrlaw.com
John P. Pennington
jpennington@sgrlaw.com
Sean T. Phelan
sphelan@sgrlaw.com
Smith, Gambrell & Russell, LLP
1055 Thomas Jefferson Street, N.W.,
Suite 400
Washington, DC 20007

Michael L. Kirby
mike@kirbyandkirbylaw.com
Kirby & Kirby LLP
501 West Broadway, Suite 1720
San Diego, CA 92101

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 1, 2016, at San Francisco, California.

*/s/ David J. Tsai*
David J. Tsai