| | |
|---|---|
| 1  Edward A. Pennington (D.C. Bar No. 422006) (admitted *pro hac vice*) | Fred I. Williams (admitted *pro hac vice*) (fwilliams@velaw.com) |
| 2    epennington@sgrlaw.com | Mario Apreotesi (admitted *pro hac vice*) (mapreotesi@velaw.com) |
| 3  John P. Moy (D.C. Bar No. 466908) (admitted *pro hac vice*) | VINSON & ELKINS LLP |
| 4    jmoy(@sgrlaw.com | 2801 Via Fortuna, Suite 100 |
| 5  Sean T.C. Phelan (D.C. Bar No. 997681) (admitted *pro hac vice*) | Austin, TX 78746-7568 |
| 6    sphelan@sgrlaw.com | Tel: (512) 542-8400 / Fax: (512) 542-8612 |
| 7  John P. Pennington (D.C. Bar No. 1018204) (admitted *pro hac vice*) | Todd E. Landis (admitted *pro hac vice*) (tlandis@velaw.com) |
| 8    jpennington@sgrlaw.com | VINSON & ELKINS LLP |
|    SMITH, GAMBRELL & RUSSELL, LLP | 2001 Ross Avenue, Suite 3700 |
| 9  1055 Thomas Jefferson ST., N.W., St. 400 | Dallas, TX  75201-2975 |
|    Washington, D.C. 20007 | Tel: (214) 220-7700  / Fax: (214) 220-7716 |
| 10 Telephone: (202) 263-4300 | |
|    Facsimile: (202) 263-4329 | |
| 11 | |
| 12 Michael L. Kirby (SBN 50895) | David J. Tsai (SBN 244479) (dtsai@velaw.com) |
|      mike@kirbyandkirbylaw.com | VINSON & ELKINS LLP |
| 13 Heather W. Schallhorn (SBN 299760) | 555 Mission Street, Suite 2000 |
|      heather@kirbyandkirbylaw.com | San Francisco, CA  94105 |
| 14 KIRBY & KIRBY LLP | Tel: (415) 979-6900 / Fax: (415) 651-8786 |
| 15 501 West Broadway, Suite 1720 | |
|    San Diego, California 92101 | *Attorneys for Defendants* |
| 16 Telephone: (619) 487-1500 | HTC CORPORATION and |
| 17 Facsimile: (619) 501-5733 | HTC AMERICA, INC. |
| 18 *Attorneys for Plaintiff* InfoGation Corp. | |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INFOGATION CORP., | **Case No. 3:16-cv-01902-H-JLB** |
| Plaintiffs, | **JOINT CLAIM CONSBRUCTION CHART (APPENDIX B)** |
| v. | |
| HTC CORPORATION and HTC AMERICA, INC., | |
| Defendants. | |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**U.S. PATENT NO. 6,292,743**
**ASSERTED CLAIM: 15**

Construed Terms: **bold - 1st occurrence <u>underlined</u>**
Proposed Constructions: *italicized*

| PATENT CLAIM | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| 15. A mobile navigation system comprising: | | |
| [a] a navigation computer; | | |
| [b] a wireless transceiver coupled to said navigation computer for connecting with a **<u>navigation server</u>**, | **navigation server**<br>Agreed construction<br>*a server that provides navigation function* | **navigation server**<br>Agreed construction<br>*a server that provides navigation function* |
| [c] said **navigation server** for calculating **<u>optimal routes</u>** based on real-time information, said **optimal routes** being formatted using a **<u>non-proprietary</u>**, **<u>natural language</u>** description; | **optimal routes/optimal route**<br>*Plain and ordinary meaning.*<br><br>- or -<br><br>Alternative Construction:<br>*recommended route(s) based on one or more criteria*<br><br>Impact Statement<br>Finding this claim term to be indefinite as Defendants allege would invalidate the only claim asserted in the action. Adopting the plain and ordinary meaning or Plaintiff's construction for this term would ensure that the claim remains consistent with the specification and the | **optimal routes/optimal route**<br>*Indefinite*<br><br>Impact Statement<br>Adopting Defendants' construction of this term as indefinite would invalidate the only claim asserted in the action. Adopting either of Plaintiff's constructions, to the extent they can be discerned from Plaintiff's infringement contentions, would broaden the claim scope beyond the scope of the disclosure and render the claim invalid.<br><br>Intrinsic Evidence<br>'743 Patent at Abstract<br>'743 Patent at 1:36-41<br>'743 Patent at 2:22-33<br>'743 Patent at 3:11-44 |

1

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**U.S. PATENT NO. 6,292,743**
**ASSERTED CLAIM: 15**

| PATENT CLAIM | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | surrounding claim language. Adopting Defendants' proposed construction would incorrectly determine that the claims do not particularly point out and distinctly claim the invention.<br><br>Intrinsic Evidence<br>'743 Patent at Fig. 4<br>'743 Patent at Abstract<br>'743 Patent at 1:36-41<br>'743 Patent at 2:22-33<br>'743 Patent at 3:11-44<br>'743 Patent at 5:26-32<br>'743 Patent at 6:46-48<br>'743 Patent at 7:47-49<br>'743 Patent at 7:53-57<br>'743 Patent at 7:66-8:7<br>'743 Patent at 8:26-59<br>'743 Patent at 11:6-14 | '743 Patent at 5:26-32<br>'743 Patent at 6:46-48<br>'743 Patent at 7:53-57<br>'743 Patent at 7:66-8:1<br>'743 Patent at 8:36-59<br>'743 Patent at 11:6-14 |
| | **non-proprietary**<br>*Plain and ordinary meaning.*<br><br>- or -<br><br>Alternative Construction:<br>*conforming to standards that are in the public domain or are widely licensed* | **non-proprietary**<br>*format that can be used with mapping databases provided by other manufacturers*<br><br>Impact Statement<br>Adopting Defendants' construction of this term would provide an independent ground for non-infringement because the accused products do not provide route information in a "non-proprietary" format under Defendants' construction. As |

2

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**U.S. PATENT NO. 6,292,743**
**ASSERTED CLAIM: 15**

| PATENT CLAIM | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | Impact Statement<br>Neither Plaintiff's nor Defendants' construction of this term would definitively preclude or necessitate infringement. Adopting the plain and ordinary meaning or Plaintiff's construction for this term would ensure that the claim remains consistent with the specification and the surrounding claim language. Adopting Defendants' proposed construction would incorrectly limit the claim scope by improperly importing limitations from the specification into the claims.<br><br>Intrinsic Evidence<br>'743 Patent at Figs. 4, 5<br>'743 Patent at Abstract<br>'743 Patent at 1:62-2:13<br>'743 Patent at 2:34-41<br>'743 Patent at 2:45-52<br>'743 Patent at 2:65-3:10<br>'743 Patent at 3:11-26<br>'743 Patent at 3:34-50<br>'743 Patent at 6:40-45<br>'743 Patent at 8:36-9:12<br>'743 Patent at 9:17-46<br>'743 File History (11/17/2000 Interview Summary INFO_0000076)<br>'743 File History (3/5/2001 Amendment at 11-13, 20 INFO_0000091-93, 102-3)<br>'743 File History (7/2/2001 Notice of | compared to Plaintiffs' alternative construction, Defendants' construction is necessary to ensure that claim remains consistent to what was actually disclosed in the specification and does not permit Plaintiff to improper broaden claim scope or capture subject matter to which it is not entitled.<br><br>Intrinsic Evidence<br>'743 Patent at Fig. 5<br>'743 Patent at Abstract<br>'743 Patent at 1:62-2:13<br>'743 Patent at 2:34-41<br>'743 Patent at 2:45-52<br>'743 Patent at 2:65-3:10<br>'743 Patent at 3:21-26<br>'743 Patent at 3:45-50<br>'743 Patent at 6:40-45<br>'743 Patent at 9:17-46<br>'743 File History (3/5/2001 Amendment at 11-13, INFO_0000091-93) |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**U.S. PATENT NO. 6,292,743**
**ASSERTED CLAIM: 15**

| PATENT CLAIM | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | Allowability INFO_0000126-128) | |
| | <u>natural language</u><br>*Plain and ordinary meaning.*<br><br>- or -<br><br><u>Alternative Construction:</u><br>*text using generic terms*<br><br><u>Impact Statement</u><br>Neither Plaintiff's nor Defendants' construction of this term would definitively preclude or necessitate infringement. Adopting the plain and ordinary meaning or Plaintiff's construction for this term would ensure that the claim remains consistent with the specification and the surrounding claim language. Adopting Defendants' proposed construction would incorrectly limit the claim scope by improperly importing irrelevant language from the extrinsic evidence into the claims.<br><br><u>Intrinsic Evidence</u><br>'743 Patent at Figs. 4, 5<br>'743 Patent at Abstract<br>'743 Patent at 3:11-26<br>'743 Patent at 3:34-45 | <u>natural language</u><br>*a language spoken and written by humans*<br><br><u>Impact Statement</u><br>Adopting Defendants' construction of this term would provide an independent ground for non-infringement because the accused products do not provide route information in a "natural language" format under Defendants' construction. Defendants' construction also provides the jury with an accurate and helpful understanding of what "natural language" means. Adopting Plaintiff's alternative construction would broaden the claim scope beyond the scope of the disclosure and would be more confusing to the jury than the term "natural language" itself.<br><br><u>Intrinsic Evidence</u><br>'743 Patent at Fig. 5<br>'743 Patent at Abstract<br>'743 Patent at 3:21-26<br>'743 Patent at 3:34-39<br>'743 Patent at 8:59-9:12<br>'743 Patent at 9:17-46<br>'743 File History (3/5/2001 Amendment at 11-13 INFO_0000091-93)<br><br><u>Extrinsic Evidence</u> |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**U.S. PATENT NO. 6,292,743**
**ASSERTED CLAIM: 15**

| PATENT CLAIM | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | '743 Patent at 4:29-31<br>'743 Patent at 8:36-9:12<br>'743 Patent at 9:17-65<br>'743 Patent at 10:9-21<br>'743 File History (3/5/2001 Amendment at 11-13, INFO_0000091-93)<br>'743 File History (5/16/2001 Final Office Action at 2-4, INFO_0000109-111) | MS Computer Dictionary (1999)<br>Chambers (1995)<br>Dictionary of Computer Words (1995)<br>IBM Dictionary (1994)<br>IEEE 100 (2000) |
| [d] a **mapping database coupled to said navigation computer for reconstructing said optimal route from said non-proprietary, natural language description**; and | **mapping database coupled to said navigation computer for reconstructing said optimal route from said non-proprietary, natural language description**<br>*Plain and ordinary meaning.*<br><br>- or -<br><br>Alternative Construction:<br>*mapping database coupled to said navigation computer used in building the optimal route from the non-proprietary, natural language description*<br><br>Impact Statement<br>Neither Plaintiff's nor Defendants' construction of this term would definitively preclude or necessitate infringement. Adopting the plain and ordinary meaning or Plaintiff's construction for this term would ensure that the claim remains | **mapping database coupled to said navigation computer for reconstructing said optimal route from said non-proprietary, natural language description**<br>*mapping database coupled to said navigation computer for transforming the non-proprietary, natural language description into an optimal route displayed as part of a map*<br><br>Impact Statement<br>Adopting Defendants' construction of this term would provide an independent ground for non-infringement because Defendants' accused products do not have a "mapping database . . . for reconstructing said optimal route from said non-proprietary, natural language description" under Defendants' construction. At least Plaintiff's proposed alternative construction broadens the claim scope beyond the scope of the disclosure. Defendants' construction is necessary to ensure that claim remains consistent to what was actually disclosed in the specification.<br><br>Intrinsic Evidence |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**U.S. PATENT NO. 6,292,743**
**ASSERTED CLAIM: 15**

| PATENT CLAIM | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| | consistent with the specification and the surrounding claim language. Adopting Defendants' proposed construction introduces a limitation that lacks support in the specification or the file history, and further incorrectly limits the claim scope by improperly importing limitations from the specification into the claims.<br><br>Intrinsic Evidence<br>'743 Patent at Figs. 2, 3, 4, 5, 6, 10A, 10B<br>'743 Patent at Claim 17-18, 17:33-38<br>'743 Patent at Abstract<br>'743 Patent at 3:6-10<br>'743 Patent at 3:39-50<br>'743 Patent at 3:64-67<br>'743 Patent at 4:32-34<br>'743 Patent at 6:40-48<br>'743 Patent at 7:50-59<br>'743 Patent at 8:54-57<br>'743 Patent at 9:40-11:14<br>'743 Patent at 14:43-15:21<br>'743 File History (3/5/2001 Amendment at 11-13 INFO_0000091-93) | '743 Patent at Figs. 2, 4, 5, 6, 10A, 10B<br>'743 Patent at Claim 17-18, 17:33-38<br>'743 Patent at 3:39-50<br>'743 Patent at 3:64-67<br>'743 Patent at 6:40-45<br>'743 Patent at 6:46-48<br>'743 Patent at 7:50-59<br>'743 Patent at 9:40-11:14<br>'743 Patent at 14:43-15:21<br>'743 File History (3/5/2001 Amendment at 11-13 INFO_0000091-93) |
| [e] a display screen coupled to said navigation computer for displaying said **optimal route** using | | |

**APPENDIX B: JOINT CLAIM CONSTRUCTION CHART**
**U.S. PATENT NO. 6,292,743**
**ASSERTED CLAIM: 15**

| PATENT CLAIM | PLAINTIFF'S PROPOSED CONSTRUCTION AND EVIDENCE | DEFENDANTS' PROPOSED CONSTRUCTION AND EVIDENCE |
|---|---|---|
| said mapping database. | | |