# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFOGATION CORP.,<br><br>         Plaintiff,<br><br>v.<br><br>ZTE CORPORATION; ZTE (USA), INC.,<br><br>         Defendants. | Consolidated Case No.: 16-cv-01901-H-JLB<br><br>**ORDER RE: PLAINTIFF'S AMENDMENT TO ITS PRIORITY DATE DISCLOSURE**<br><br>[Doc. No. 72.] |
| INFOGATION CORP.,<br><br>         Plaintiff,<br><br>v.<br><br>HTC CORPORATION; HTC AMERICA, INC.,<br><br>         Defendants. | Consolidated Case No.: 16-cv-01902-H-JLB<br><br>**ORDER RE: PLAINTIFF'S AMENDMENT TO ITS PRIORITY DATE DISCLOSURE** |

1

| | |
|---|---|
| INFOGATION CORP., <br><br> Plaintiff, <br><br> v. <br><br> HUAWEI TECHNOLOGIES CO., LTD.; HUAWEI DEVICE USA, INC., <br><br> Defendants. | Consolidated Case No.: 16-cv-01903-H-JLB <br><br> **ORDER RE: PLAINTIFF'S AMENDMENT TO ITS PRIORITY DATE DISCLOSURE** |

On April 28, 2017, the Court held a claim construction hearing in the above three cases regarding U.S. Patent No. 6,292,743. (16-cv-1901-Doc. No. 69; 16-cv-1902-Doc. No. 79; 16-cv-1903-Doc. No. 75.) At the hearing, the parties discussed an issue that arose regarding Plaintiff's attempt to assert an earlier priority date for the '743 patent than what was previously disclosed in its infringement contentions. Accordingly, following the hearing, the Court issued an order setting forth a schedule for briefing on the issue. (Id.) On May 12, 2017, Plaintiff filed its brief regarding the priority date for the '743 patent. (16-cv-1901-Doc. No. 72; 16-cv-1902-Doc. No. 82; 16-cv-1903-Doc. No. 78.) On May 19, 2017, Defendants filed their response in opposition. (16-cv-1901-Doc. No. 79; 16-cv-1902-Doc. No. 89; 16-cv-1903-Doc. No. 85.) On May 26, 2017, Plaintiff filed a reply. (16-cv-1901-Doc. No. 80; 16-cv-1902-Doc. No. 90; 16-cv-1903-Doc. No. 86.) For the reasons below, the Court permits Plaintiff to amend its asserted priority date for the '743 patent.

## Background

On July 27, 2016, Plaintiff InfoGation Corp. filed three separate complaints for patent infringement against Defendants ZTE, HTC, and Huawei, alleging infringement of the '743 patent. (16-cv-1901-Doc. No. 1; 16-cv-1902-Doc. No. 1; 16-cv-1903-Doc. No. 1.) Specifically, Plaintiff alleges that Defendants' smartphones, which run the Android

operating system and can connect to a Google Maps navigation server through a wireless carrier's network data, infringe, either literally or through the doctrine of equivalents, claim 15 of the '743 patent. (Id.)

On November 1, 2016, Defendants each filed an answer and counterclaims to Plaintiff's complaint. (16-cv-1901-Doc. No. 22; 16-cv-1902-Doc. No. 21; 16-cv-1903-Doc. No. 22.) On November 22, 2016, the Court issued a scheduling order for the three actions setting forth all dates leading up to trial. (16-cv-1901-Doc. No. 31; 16-cv-1902-Doc. No. 39; 16-cv-1903-Doc. No. 31.)

On December 2, 2016, Plaintiff served its infringement contentions pursuant to the deadline in the Court's scheduling order, setting forth a priority date for claim 15 of the '743 patent, the only asserted claim, of January 6, 1999. (16-cv-1901-Doc. No. 79-2, Almeling Decl. Ex. A.) On January 27, 2017, Defendants served their invalidity contentions. (Id. Ex. B.)

On March 10, 2017, the parties filed their joint claim construction and prehearing statement, chart, and worksheet, identifying the disputed claim terms from the '743 patent. (16-cv-1901-Doc. Nos. 42-44; 16-cv-1902-Doc. Nos. 52-54; 16-cv-1903-Doc. No. 49.) On March 30, 2017, Plaintiff filed three separate complaints for patent infringement against Defendants ZTE, HTC, and Huawei, alleging infringement of U.S. Patent No. 9,528,843. (17-cv-645-Doc. No. 1; 17-cv-646-Doc. No. 1; 17-cv-647-Doc No. 1.) On April 6, 2017, Plaintiff filed a response to Defendants' interrogatories, asserting an amended priority date of January 21, 1998. (16-cv-1901-Doc. No. 79-6, Almeling Decl. Ex. E.)

On May 5, 2017, the Court issued a claim construction order, construing terms from the '743 patent. (16-cv-1901-Doc. No. 68; 16-cv-1902-Doc. No. 78; 16-cv-1903-Doc. No. 74.) On May 9, 2017, the Court consolidated Case No. 17-cv-645 with Case No. 16-cv-1901; Case No. 17-cv-646 with Case No. 16-cv-1902; and Case No. 17-cv-647

with Case No. 16-cv-1903, and the Court issued an amended scheduling order for the consolidated actions. (16-cv-1901-Doc. No. 71; 16-cv-1902-Doc. No. 81; 16-cv-1903-Doc. No. 77.)

## Discussion

In the present briefing, Plaintiff argues that it should be permitted to assert an earlier priority date for the '743 patent in this action. (Doc. No. 72 at 5.)[1] In response, Defendants argue that Plaintiff should be precluded from asserting any priority date earlier than the January 6, 1999 date disclosed in its infringement contentions. (Doc. No. 79 at 11.) Defendants further argue, in the alternative, that if the Court permits Plaintiff to assert an earlier priority date, Defendants should be permitted to file amended invalidity contentions and that they should be reimbursed by Plaintiff for any fees incurred in making those amendments. (Id.)

Patent Local Rule 3.1(f) requires a patentee to disclose "[f]or any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled." Under the Court's scheduling order, Plaintiff's Rule 3.1 disclosures, its infringement contentions, were due by December 2, 2016. (Doc. No. 31 at 3.) Patent Local Rule 3.6(a) further provides

> As a matter of right, a party asserting infringement may serve Amended Infringement Contentions no later than the filing of the parties' Joint Claim Construction Chart. Thereafter, absent undue prejudice to the opposing party, a party asserting infringement may only amend its infringement contentions: . . . 2. Upon a timely motion showing good cause.

---

[1] The parties have filed identical briefing with respect to this issue across the three cases. (See 16-cv-1901-Doc. No. 72; 16-cv-1902-Doc. No. 82; 16-cv-1903-Doc. No. 78.) Accordingly, in the Discussion section of this order, the Court will cite to the briefing in Case No. 16-cv-1901, unless otherwise noted.

Accordingly, in order to amend the priority date asserted in its infringement contentions for the '743 patent, Plaintiff must show good cause for the amendment.[2]

To make a satisfactory showing of good cause, a party seeking to amend its infringement contentions must show that it "acted with diligence in promptly moving to amend when new evidence is revealed in discovery." O2 Micro Int'l, Ltd. v. Monolithic Power Sys., 467 F.3d 1355, 1363 (Fed. Cir. 2006); see also CBS Interactive, Inc. v. Etilize, Inc., 257 F.R.D. 195, 201 (N.D. Cal. 2009) ("The 'good cause' requirement disallows infringement contentions from becoming moving targets throughout the lawsuit."). "In considering the party's diligence, the critical question is whether the party 'could have discovered [the new information] earlier had it acted with the requisite diligence.'" Apple Inc. v. Samsung Elecs. Co., No. CV 12-00630 LHK, 2012 WL 5632618, at *2 (N.D. Cal. Nov. 15, 2012). The party seeking leave to amend bears the burden of establishing diligence. O2 Micro, 467 F.3d at 1366. Further, even if the moving party establishes diligence, the Court should then consider prejudice to the non-moving party in determining whether leave to amend should be granted. See O2 Micro, 467 F.3d at 1368; CBS Interactive, 257 F.R.D. at 201.

In its briefing, Plaintiff sets forth the efforts that were taken to search for the required documents to accompany its infringement contentions. (Doc. No. 72 at 1.) In addition, Plaintiff sets forth the chain of events that led to its discovery of a document in March 2017 that would potentially support an earlier invention date for the '743 patent of January 21, 1998. (Id. at 2-3.) Although the Court finds that the issue is close, the Court

---

[2] In its briefing, Plaintiff notes that under Patent Local Rule 3.6(a), a patentee may amend its contentions as a matter of right prior to the filing of the parties' joint claim construction chart. (Doc. No. 80 at 2-3.) This provision is of no aid to Plaintiff. The parties filed their joint claim construction and prehearing statement, chart, and worksheet for the '743 patent on March 10, 2017, (Doc. Nos. 42-44), but Plaintiff did not assert the new priority date until April 6, 2017, (Doc. No. 79-6, Almeling Decl. Ex. E), well after the filing of the joint claim construction chart. Accordingly, Plaintiff must satisfy Patent Local Rule 3.6(a)'s good cause requirement in order to amend its asserted priority date.

5

ultimately concludes that Plaintiff was at least marginally diligent in its discovery of the relevant document.  See Huawei Techs., Co. v. Samsung Elecs. Co., No. 3:16-CV-02787-WHO, 2017 WL 1508756, at *6 (N.D. Cal. Apr. 27, 2017) (finding plaintiff satisfied the diligence requirement where it was "at least marginally diligent" in its efforts to discover documents evidencing an earlier conception date).

Further, even assuming Plaintiff "was arguably not diligent, the court retains discretion to grant leave to amend." Linex Techs., Inc. v. Hewlett-Packard Co., No. C 13-159 CW, 2013 WL 5955548, at *1 (N.D. Cal. Nov. 6, 2013); accord Radware Ltd. v. F5 Networks, Inc., No. C-13-02021-RMW, 2014 WL 3728482, at *1 (N.D. Cal. 2014); see also Apple, 2012 WL 5632618, at *2 ("If the court finds that the moving party was not diligent in amending its infringement contentions, there is no need to consider the question of prejudice to the non-moving party, although a court in its discretion may elect to do so.").  In the unique circumstances of this case, the Court concludes that it would be appropriate to allow Plaintiff to amend its asserted priority date for the '743 patent even absent a finding of diligence because Defendants would not be prejudiced by the amendment in any way.

The Court will grant Defendants' request to amend their invalidity contentions in light of the new asserted priority date.  Thus, Defendants will have an opportunity to respond to Plaintiff's amendment of the priority date.  Further, the amended invalidity contentions will have no effect on the Court's current schedule in this action, given that all the remaining dates related to the '743 patent were pushed back when the '843 patent actions were consolidated with the '743 patent actions, with approximately five months still remaining before the close of fact discovery.  (See Doc. No. 71 at 14.)

Defendants argue that they are prejudiced by Plaintiff's proposed amendment due to the time and expense they spent preparing their original invalidity contentions based

on the January 6, 1999 priority date contained in Plaintiff's infringement contentions.[3] (Doc. No. 79 at 7-8.) But Defendants have failed to adequately explain why their prior efforts in preparing their original invalidity contentions are necessarily wasted. Defendants do not state that they will concede to Plaintiff's newly asserted priority date. If Defendants attempt to contest Plaintiff's assertion of an earlier priority date, then all the references and analysis contained in their original invalidity contentions would remain relevant. Accordingly, Defendants would not be prejudiced by amendment of the asserted priority date.[4]

In sum, Plaintiff has shown good cause to amend the priority date asserted in its infringement contentions for the '743 patent. Accordingly, the Court permits Plaintiff to assert a priority date of January 21, 1998 for claim 15 of the '743 patent.[5] In addition, Defendants may serve amended invalidity contentions for the '743 patent within **30 days** from the date this order is filed.

**IT IS SO ORDERED.**

DATED: June 7, 2017

                                          MARILYN L. HUFF, District Judge
                                          UNITED STATES DISTRICT COURT

---

[3] Further, the Court gives no weight to the prejudice arguments presented in Defendants' brief regarding the pending *inter partes* review proceedings. (Doc. No. 79 at 8 n.1.) First, the IPR was filed by non-party Google Inc., not Defendants. (See id.) Second, those proceedings are before the PTAB, not this Court.

[4] In light of the lack of prejudice, the Court denies Defendants' request for reimbursement of the fees they will incur in amending their invalidity contentions.

[5] The Court expressly notes that it is merely permitting Plaintiff to assert the January 21, 1998 priority date in this action; the Court is not holding that Plaintiff is actually entitled to that priority date.