[Counsel listed in signature page]

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFOGATION CORP., <br><br> Plaintiff, <br><br> v. <br><br> ZTE (USA), INC., <br><br> Defendant. | Civil Action No.:3:16-cv-01901-H-JLB and No. 3:17-cv-0645-H-JLB |
| INFOGATION CORP., <br><br> Plaintiff, <br><br> v. <br><br> HTC CORP., and <br> HTC AMERICA, INC. <br><br> Defendant. | Civil Action No.:3:16-cv-01902-H-JLB and No. 3:17-cv-0646-H-JLB |
| INFOGATION CORP., <br><br> Plaintiff, <br><br> v. <br><br> HUAWEI DEVICE USA, INC., <br> HUAWEI DEVICE CO., LTD., and <br> HUAWEI DEVICE (DONGGUAN) CO. <br><br> Defendants. | Civil Action No.:3:16-cv-01903-H-JLB and No. 3:17-cv-0647-H-JLB |

## STIPULATION AND [PROPOSED] ORDER REGARDING LIMITS ON DISCOVERY

Plaintiff InfoGation Corp. ("Plaintiff") and Defendants ZTE (USA), Inc., HTC Corporation, HTC America, Inc., Huawei Device USA, Inc., Huawei Device Co., Ltd., and Huawei Device (Dongguan) Co., by counsel, hereby stipulate and agree to the following limits on discovery in light of the Court's orders consolidating the following actions: (1) Case No. 17-cv-645 with Case No. 16-cv-1901; (2) Case No. 17-cv-646 with Case No. 16-cv-1902; and (3) Case No. 17-cv-647 with Case No. 16-cv-1903. As used herein, a "Defendant Group" shall mean the defendant(s) in each captioned case; "Defendants" shall mean the defendants, collectively, across the captioned cases; "Plaintiff" shall mean the plaintiff across the captioned cases; "InfoGation 1 actions" shall mean Case Nos. 16-cv-1901, -1902, -1903; and "InfoGation 2 actions" shall mean Case Nos. 17-cv-645, -646, -647. These limits are in addition to and, where applicable, supersede the discovery limits ordered on March 28, 2017 in the InfoGation 1 actions ("InfoGation 1 Discovery Limits"). *See* Case No. 16-cv-1901, D.I. 54; Case No. 16-cv-1902, D.I. 64; Case No. 16-cv-1903, D.I. 60.

1. All discovery requested and provided to date (including, e.g., document productions, interrogatory responses, responses to requests for admission, and deposition testimony) in the InfoGation 1 actions may be used for all purposes in the consolidated InfoGation 1 and InfoGation 2 actions as if that discovery was requested and provided in InfoGation 2. Specifically: (1) discovery requested and provided in Case No. 16-cv-1901 may be used in the consolidated action with Case No. 17-cv-645; (2) discovery requested and provided in Case No. 16-cv-1902 may be used in the consolidated action with Case No. 17-cv-646; (3) discovery requested and provided in Case No. 16-cv-1903 may be used in the consolidated action with Case No. 17-cv-647. Going forward, all discovery shall be requested and provided for the consolidated InfoGation 1 and InfoGation 2 actions.

2. The InfoGation 1 Discovery Limits ordered pursuant to the parties' stipulation shall apply to the consolidated InfoGation 1 and 2 actions. Specifically, in the consolidated actions:

      a.     Plaintiff may serve up to fifty (50) Requests for Admission separately on each Defendant Group and each Defendant Group may serve up to fifty (50) Requests for Admission on Plaintiff.

      b.     Separate from the above limit, Plaintiff may serve up to one hundred fifty (150) Requests for Admission separately on each Defendant Group directed solely to the authentication of documents and things. Each Defendant Group may serve up to one hundred fifty (150) Requests for Admission directed solely to the authentication of documents and things on Plaintiff.

      c.     Defendants are allowed to serve fifteen (15) common interrogatories on Plaintiff. In addition, each Defendant Group may serve up to ten (10) individual interrogatories on Plaintiff.

      d.     Plaintiff may take a maximum of twenty-eight (28) hours of depositions of corporate witnesses under Rule 30(b)(6) for each Defendant Group.

      e.     Defendants collectively may take a maximum of twenty-eight (28) hours of depositions of corporate witnesses under Rule 30(b)(6) for Plaintiff.

3.     Notwithstanding the foregoing, the following additions and clarifications to the InfoGation 1 Discovery Limits shall apply to the consolidated actions:

      a.     For the interrogatories enumerated below that were served in the InfoGation 1 actions that requested information specific to the '743 Patent, each party may serve revised versions of these interrogatories to request information specific to the '843 Patent to obtain that information. These interrogatories specific to the '843 Patent will not count against any interrogatory limit but they must: (1) be identical to the corresponding interrogatory previously served as to the '743 Patent, other than changing the patent number to the '843 Patent and/or the asserted claims to those asserted in the '843 Patent; and (2) be identified by the same interrogatory number but with

- 3 -

the letter "A" added (e.g., if "Interrogatory No. 2" requested information specific to the '743 Patent, the re-served interrogatory for the '843 Patent would be numbered "Interrogatory No. 2A"). The parties agree that the following interrogatories served thus far are specific to the '743 Patent and would thus need to be revised and re-served to obtain information on the '843 Patent: (1) InfoGation's interrogatory nos. 1 and 3; (2) Defendants' common interrogatory nos. 1-8; and (3) ZTE, HTC, and Huawei's individual interrogatory no. 1.

      b.    For the requests for production served in the InfoGation 1 actions that are specific to the '743 Patent, the responding party will assume that such request for production encompasses both the '743 and '843 Patents.

Dated: June 7, 2017

By: /s/ *Edward Pennington*

Edward A. Pennington (D.C. Bar No. 422006) (admitted *pro hac vice*)
 epennington@sgrlaw.com
John P. Moy (D.C. Bar No. 466908) (admitted *pro hac vice*)
 jmoy@sgrlaw.com
Sean T.C. Phelan (D.C. Bar No. 997681) (admitted *pro hac vice*)
 sphelan@sgrlaw.com
John P. Pennington (D.C. Bar No. 1018204) (admitted *pro hac vice*)
 jpennington@sgrlaw.com
Darlene K. Tzou (VA Bar No. 91139) (admitted *pro hac vice*)
 dtzou@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
1055 Thomas Jefferson Street, N.W., Suite 400
Washington, D.C. 20007
Telephone: (202) 263-4300
Facsimile: (202) 263-4329

Michael L. Kirby (SBN 50895)
 mike@kirbyandkirbylaw.com
Heather W. Schallhorn (SBN 299760)
 heather@kirbyandkirbylaw.com
KIRBY & KIRBY LLP
501 West Broadway, Suite 1720
San Diego, California 92101
Telephone: (619) 487-1500
Facsimile: (619) 501-5733

*Attorneys for Plaintiff*
InfoGation Corp.

By: /s/ *Mark Liang*

Jason W. Wolff (SBN 215819)
 wolff@fr.com
Joanna M. Fuller (SBN 266406)
 jfuller@fr.com
Robert M. Yeh (SBN 286018)
 ryeh@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

Darin W. Snyder (SBN 136003)
 dsnyder@omm.com
Luann L. Simmons (SBN 203526)
 lsimmons@omm.com
David S. Almeling (SBN 235449)
 dalmeling@omm.com
Mark Liang (SBN 278487)
 mliang@omm.com
John X. Zhu (SBN 310857)
 jzhu@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Mishima Alam (SBN 271621)
 malam@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for Defendants*
HUAWEI DEVICE USA, INC.,

HUAWEI DEVICE CO., LTD., and
HUAWEI DEVICE (DONGGUAN) CO.


By: /s/ *Harold H. Davis, Jr.*
Howard L. Chen (SBN 257393)
howard.chen@klgates.com
Harold H. Davis, Jr. (SBN 235552)
harold.davis@klgates.com
Rachel Burnim (SBN 292952)
rachel.burnim@klgates.com
K&L GATES LLP
Four Embarcadero Center, Ste. 1200
San Francisco, CA 94111
Telephone: 415.882.8200
Facsimile: 415.882.8220

Jay C. Chiu (SBN 205385)
jay.chiu@klgates.com
K&L GATES LLP
1 Park Plaza; Twelfth Floor
Irvine, CA 92614
Telephone: 949.253.0900
Facsimile: 949.253.0902

*Attorneys for Defendant*
ZTE (USA) INC.


By: /s/ *David J. Tsai*
Fred I. Williams (admitted pro hac vice)
 (fwilliams@velaw.com)
Mario Apreotesi (admitted pro hac vice)
 (mapreotesi@velaw.com)
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
Tel: (512) 542-8400 / Fax: (512) 542-8612

Todd E. Landis (admitted pro hac vice)
 (tlandis@velaw.com)

VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Tel: (214) 220-7700 / Fax: (214) 220-7716

David J. Tsai (SBN 244479)
 (dtsai@velaw.com)
VINSON & ELKINS LLP
555 Mission Street, Suite 2000
San Francisco, CA 94105
Tel: (415) 979-6900 / Fax: (415) 651-8786

*Attorneys for Defendants*
HTC CORPORATION and HTC AMERICA, INC.

SGR/16261459.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 7, 2017, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

/s/ Julie Roland

{K&K02080125}

- 8 -

SGR/16261459.1