Fred I. Williams (admitted *pro hac vice*)
  (fwilliams@velaw.com)
Mario Apreotesi (admitted *pro hac vice*)
  (mapreotesi@velaw.com)
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
Tel: (512) 542-8400 / Fax: (512) 542-8612

Todd E. Landis (admitted *pro hac vice*)
  (tlandis@velaw.com)
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Telephone: (214) 220-7700 / Fax: (214) 220-7716

David J. Tsai (SBN 244479)
  (dtsai@velaw.com)
VINSON & ELKINS LLP
555 Mission Street, Suite 2000
San Francisco, CA 94105
Tel: (415) 979-6900 / Fax: (415) 651-8786

*Attorneys for Defendant*
HTC CORPORATION and
HTC AMERICA, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

# SAN DIEGO

| | |
|---|---|
| INFOGATION CORP., <br><br> Plaintiff, <br><br> v. <br><br> HTC CORPORATION and HTC AMERICA, INC., <br><br> Defendant. | **Case No.: 3:16-cv-1902-H-JLB and 3:17-cv-0646-H-JLB** <br><br> **DEFENDANTS HTC AMERICA, INC. AND HTC CORP.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION REGARDING IMPROPER VENUE** <br><br> **ORAL ARGUMENT REQUESTED SUBJECT TO COURT APPROVAL** <br><br> **Date:** Monday, July 10, 2017 <br> **Time:** 10:30 a.m. <br> **Courtroom:** 15A (15th Floor) <br> **Judge:** Hon. Marilyn L. Huff |

**TABLE OF CONTENTS**

I.   SUMMARY OF THE ARGUMENT ........................................................................... 1

II.  BACKGROUND ........................................................................................................ 2

III. ARGUMENT AND AUTHORITIES ........................................................................ 3

   A.   HTC America's Motion for Improper Venue Is Timely Because It Has Not Previously Answered the '843 Complaint And the Defense Being Raised Was Not Available When Answering the '743 Complaint. ...................................................................................................... 3

   B.   InfoGation's Complaints Should Be Dismissed for Improper Venue Because HTC America Neither "Resides" Nor "Has a Regular and Established Place of Business" in the Southern District of California. ......... 5

   C.   In the Alternative, The Cases Against HTC America And HTC Corp. Should Be Transferred to the Western District of Washington or the Northern District of California, Where the Cases Could Have Originally Been Brought. ................................................................................ 8

IV.  CONCLUSION ......................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Astute Tech., LLC v. Learners Digest Int'l LLC*,
  No. 2:12-cv-689-WCB, 2014 WL 12596468 (E.D. Tex. Apr. 28, 2014) ........................ 7

*Beazer East, Inc. v. Mead Corp.*,
  525 F.3d 255 (3d Cir. 2008) .......................................................................................... 4

*Cottman Transmission Sys., Inc. v. Martino*,
  36 F.3d 291 (3d Cir. 1994) ............................................................................................ 8

*Daniel v. American Board of Emergency Medicine*,
  988 F. Supp. 127 (W.D.N.Y. 1997) ............................................................................... 5

*DSC Commc'ns Corp. v. Next Level Commc'ns*,
  107 F.3d 322 (5th Cir. 1997) ......................................................................................... 4

*Engel v. CBS, Inc.*,
  886 F. Supp. 728 (C.D. Cal. 1995) ................................................................................ 4

*Fourco Glass Co. v. Transmirra Products Corp.*,
  353 U.S. 222 (1957) ....................................................................................................... 5

*Goodstein v. Bombardier Capital, Inc.*,
  167 F.R.D. 662 (D. Vt. 1996) ........................................................................................ 4

*Gucci America, Inc. v. Weixing Li*,
  768 F.3d 122 (2d Cir. 2014) .......................................................................................... 5

*Harper v. Virginia Dep't of Taxation*,
  509 U.S. 86 (1993) ......................................................................................................... 1

*Hawknet, Ltd. v. Overseas Shipping Agencies*,
  590 F.3d 87 (2d Cir. 2009)) .......................................................................................... 4

*Holzwager v. Valley Hospital*,
  646 F.2d 792 (2d Cir. 1981) .......................................................................................... 4

*In re Cordis Corp.*,
  769 F.2d 733 (Fed. Cir. 1985) ................................................................................... 6, 7

*In re LIBOR-Based Fin. Instruments Antitrust Litig.*,
  No. 11 MDL 2262 NRB, 2015 WL 6696407 (S.D.N.Y. Nov. 3, 2015) ....................... 4

*In re TC Heartland LLC*,
  821 F.3d 1338 (Fed. Cir. 2016), rev'd 581 U.S. ____, 2017 WL 2216934
  (May 22, 2017) ........................................................................................................... 2, 3

*IPCO Hosp. Supply Corp. (Whaledent Int'l Div.) v. Les Fils D'Auguste Maillefer S.A.*,
  446 F. Supp. 206 (S.D.N.Y. 1978) ................................................................................ 6

*NeuroRepair, Inc. v. The Nath Law Group*,
  781 F.3d 1340 (Fed. Cir. 2015) ..................................................................................... 1

*Quality Improvement Consultants, Inc. v. Williams*,
  2003 WL 543393 (D. Minn. 2003) ................................................................................ 8

*Saint Lawrence Commc'ns LLC v. HTC Corp.*,
  No. 2:15-cv-919-JRG, 2016 WL 1077950 (E.D. Tex. Mar. 18, 2016) ....................... 3

*Schnell v. Peter Eckrich & Sons*,
  365 U.S. 260 (1961) ....................................................................................................... 7

*TC Heartland LLC v. Kraft Food Brands Group LLC*,
  __ S. Ct. __, 2017 WL 2216934 (May 22, 2017) ........................................................passim

*TC Heartland. See TC Heartland, LLC v. Kraft Food Brands Group LLC*,
  137 S. Ct. 614 (2016)................................................................................................ 3, 7

*Trex Co., LLC v. Canton Lumber Co.*,
  2001 WL 543227 (W.D. Va. 2001 ......................................................................................8

*Univ. of Ill. Found. v. Channel Master Corp.*,
  382 F.2d 514 (7th Cir. 1967)..............................................................................................6

**Statutes**

28 U.S.C. § 1400(b)............................................................................................................. 1, 5

28 U.S.C. § 1406................................................................................................................. 5, 7

28 U.S.C. § 1406(a) ............................................................................................................ 1, 5

**Rules**

Fed. R. Civ. P. 12 .....................................................................................................................5

Fed. R. Civ. P. 12(b)(3)...........................................................................................................1

Under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. §§ 1400(b) and 1406(a), Defendant HTC America, Inc. ("HTC America") respectfully moves to dismiss the cases against it or, in the alternative, to transfer these cases in their entirety to the U.S. District Court for either the Western District of Washington or the Northern District of California, on the ground that the current venue is improper. Defendant HTC Corp. ("HTC Corp.") joins the motion to the extent the Court may decide to transfer the cases against HTC America.

## I. SUMMARY OF THE ARGUMENT

As the Supreme Court recently held in *TC Heartland*, the patent venue statute requires that HTC America either be incorporated in California or have a regular and established place of business in the Southern District of California. *See* 28 U.S.C. § 1400(b); *TC Heartland LLC v. Kraft Food Brands Group LLC*, __ S. Ct. __, 2017 WL 2216934 (May 22, 2017). Because neither requirement is met here, venue is improper and the cases against HTC America should be dismissed or, in the alternative, transferred to the Western District of Washington or the Northern District of California, where venue is proper as to both HTC America and HTC Corp.[1]

This Motion is timely filed after the Supreme Court's recent decision in *TC Heartland*, and, contrary to plaintiff's stated position, the defense of improper venue has not been waived. This Motion raises grounds that were not legally available to HTC America when it filed its Answer to InfoGation Corp.'s ("InfoGation") first complaint and, therefore, there has been no waiver. This Motion is also timely filed as a responsive pleading to InfoGation's complaint in the second-filed case, 3:17-cv-0646-H-JLB.

---

[1] Although *TC Heartland* issued after the filing of the Complaint, its holding applies to this case because "the Supreme Court interpretation of federal civil law 'must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate the Supreme Court's announcement of the rule.'" *NeuroRepair, Inc. v. The Nath Law Group*, 781 F.3d 1340, 1345 (Fed. Cir. 2015) (quoting *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97 (1993)).

## II. BACKGROUND

HTC America is a Washington State corporation with its principal place of business and headquarters in Seattle, Washington. Gietzen Decl. ¶ 3. The vast majority of HTC America's employees are located in the State of Washington. *Id.* ¶ 4. HTC America does not have any offices, warehouses, retail locations, or other facilities in the Southern District of California. *Id.* ¶ 5. HTC America has five employees who reside in this District, all working from their homes in the San Diego area. *Id.* ¶ 10. Four of those employees work in HTC America's in-house legal department. *Id.* The other employee is a director of field sales. *Id.*

HTC Corp. is a Taiwanese corporation with its principal place of business in New Taipei City, Taiwan. *Id.* ¶ 6. The vast majority of HTC Corp.'s employees are located in Taiwan, with no employees residing in the United States. *Id.* ¶ 7. HTC Corp. does not have any offices, warehouses, retail locations, or other facilities in the Southern District of California. *Id.* ¶ 8.

On April 29, 2016, the Federal Circuit handed down its decision in *TC Heartland*, which reaffirmed the (now-rejected) understanding of *VE Holding* that venue was proper over a corporate defendant in any district where personal jurisdiction exists. *See In re TC Heartland LLC*, 821 F.3d 1338 (Fed. Cir. 2016), rev'd 581 U.S. ____, 2017 WL 2216934 (May 22, 2017).

On July 27, 2016, InfoGation filed its first case against HTC America and HTC Corp., asserting infringement of U.S. Patent No. 6,292,743 ("the '743 Complaint"). Dkt. No. 1, ¶ 1. The '743 Complaint alleged that venue was appropriate as to both HTC entities (collectively hereafter, "HTC") because "HTC has transacted business in this District and has committed acts of patent infringement in this District." *Id.* at ¶ 7.

On November 1, 2016, HTC filed an Answer and Counterclaims to the '743 Complaint ("the '743 Answer"). Dkt. 21. In the '743 Answer, HTC denied that venue was proper in this District. *Id.* at ¶ 7. HTC also denied that this District "is a

convenient forum for this case." *Id.* HTC did not move to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3) at that time because, as noted above, the Federal Circuit had previously issued its published and precedential decision in *TC Heartland*, reaffirming the holding in *VE Holding*. *See also Saint Lawrence Commc'ns LLC v. HTC Corp.*, No. 2:15-cv-919-JRG, 2016 WL 1077950, at *3 (E.D. Tex. Mar. 18, 2016) (denying motion to dismiss for improper venue because "*VE Holding* continues to be controlling precedent").

The next month, on December 14, 2016, the Supreme Court granted certiorari in *TC Heartland*. *See TC Heartland, LLC v. Kraft Food Brands Group LLC*, 137 S. Ct. 614 (2016).

On April 14, 2017, InfoGation filed a First Amended Complaint in its second lawsuit against HTC Corp. and HTC America, alleging infringement of U.S. Patent No. 9,528,843 ("the '843 Complaint"). In the '843 Complaint, InfoGation made the same aforementioned venue and residency allegations regarding HTC Corp. and HTC America as in the first-filed case. *See* No. 3-17-cv-00646, Dkt. No. 8.

Late last month, on May 22, 2017, the Supreme Court issued its *TC Heartland* decision, reversing the Federal Circuit's precedential decision in the same case and overturning *VE Holding*.

### III. ARGUMENT AND AUTHORITIES

#### A. HTC America's Motion for Improper Venue Is Timely Because It Has Not Previously Answered the '843 Complaint And the Defense Being Raised Was Not Available When Answering the '743 Complaint.

HTC America's motion on improper venue has not been waived. Because HTC America's answer to the '743 Complaint (its first responsive pleading in the first-filed case 3:16-cv-1902-H-JLB) expressly denied that venue was proper in its answer to the '743 Complaint and timely filed this Motion shortly after *TC Heartland* issued, InfoGation has no legitimate basis to argue that any of the relief sought in this Motion

has been waived. It is well-established that "[a]n exception to normal law of the case and waiver rules is recognized when an intervening decision from a superior court changes the controlling law." *Beazer East, Inc. v. Mead Corp.*, 525 F.3d 255, 263-64 (3d Cir. 2008); *DSC Commc'ns Corp. v. Next Level Commc'ns*, 107 F.3d 322, 326 n.2 (5th Cir. 1997). Thus, a "party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made, especially when it does raise the objections as soon as their cognizability is made apparent." *Holzwager v. Valley Hospital*, 646 F.2d 792, 796-97 (2d Cir. 1981); *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11 MDL 2262 NRB, 2015 WL 6696407, at *17 (S.D.N.Y. Nov. 3, 2015) ("[A] party does not waive an argument by failing to make it at a time when it 'would have been directly contrary to controlling precedent in this Circuit.'" (quoting *Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87, 92 (2d Cir. 2009)). This exception to the waiver rule applies to defenses that normally must be raised in a Rule 12 motion. That is, "[a]lthough Rule 12 sets forth a strict waiver requirement, it does provide an exception, namely that it applies only to defenses 'then available.'" *Goodstein v. Bombardier Capital, Inc.*, 167 F.R.D. 662, 665 (D. Vt. 1996). The improper-venue defense was thus not susceptible to waiver until after the defense became legally available—when the Supreme Court issued its decision in *TC Heartland* on May 22, 2017.[2]

---

[2] District courts interpreted *VE Holding* as binding precedent. *See TC Heartland*, 2017 WL 2216934, at *3 (citing the underlying district court case, *Kraft Foods Grp. Brands LLC v. TC Heartland, LLC*, No. cv 14-28-LPS, 2015 WL 5613160, at *2 (D. Del. Sept. 24, 2015) (finding that under *VE Holding*, "venue is appropriate for a defendant in a patent infringement case where personal jurisdiction exists.")); *see also Saint Lawrence Commc'ns*, 2016 WL 1077950, at *3 (denying motion to dismiss by HTC for improper venue because "VE Holding continues to be controlling precedent"). At oral argument in *TC Heartland*, Justice Kagan remarked, "If I were a congressman, I'd think that the practical backdrop against which I'm legislating is not *Fourco*; it is instead the Federal Circuit's decision in *VE Holding*, which is the decision that the practice has conformed to." Oral Argument at p. 12, ll. 3-8, *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, No. 16-341 (Argued Mar. 27, 2017), https://www.supremecourt.gov/oral_arguments/argument_transcripts/2016/16-341_8njq.pdf.

Further, this Motion is HTC's first response to the '843 Complaint. Therefore, it is undisputed that HTC America has not waived this Motion as to the '843 Complaint.

Applying these principles, courts have refused to find waiver of venue objections when they arose from intervening changes in the law. For example, in *Engel v. CBS*, Inc., the general venue statute § 1391(a) was amended in the early 1990s so that "venue is not proper in the district where all plaintiffs reside, as it was when [plaintiff] filed this case in 1985." 886 F. Supp. 728, 730 (C.D. Cal. 1995). In light of this intervening change in venue law, the court granted defendants' motion to transfer under § 1406(a). *Id.* at 733. In doing so, the court rejected plaintiff's argument that defendants "waived their right to challenge this case's venue" by not raising it earlier in a Rule 12 motion because "[d]efendants cannot be faulted for not having raised a defense that they did not know was available to them." *Id.* at 730. Likewise, in *Daniel v. American Board of Emergency Medicine*, the court found that the defendant did not waive its venue objection where the plaintiff had amended its complaint to add parties, reasoning that "[a]lthough generally a defense of improper venue is waived if it is [not] made by motion under Fed. R. Civ. P. 12 . . . a party cannot be deemed to have waived objections or defenses which are not known to be available at the time they could first have been made." 988 F. Supp. 127, 259 (W.D.N.Y. 1997). Courts have similarly refused to find waiver of personal jurisdiction objections (which ordinarily must also be made in a Rule 12 motion) when those objections were based on intervening changes in the legal requirements for personal jurisdiction. *E.g., Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 135-36 (2d Cir. 2014) (noting that "a party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made").

**B.  InfoGation's Complaints Should Be Dismissed for Improper Venue Because HTC America Neither "Resides" Nor "Has a Regular and Established Place of Business" in the Southern District of California.**

Under section 1406, the Court should dismiss a case filed in the "wrong division or district." 28 U.S.C. § 1406(a). And the Supreme Court has now stated, "§ 1400(b) 'is

the sole and exclusive provision controlling venue in patent infringement actions.'" *TC Heartland LLC*, 2017 WL 2216934, at *5 (quoting *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 229 (1957)). Under § 1400(b), HTC America may be sued for patent infringement in the Southern District of California only if it (1) "resides" or (2) "has committed acts of infringement **and** has a regular and established place of business" in the District. 28 U.S.C. § 1400(b) (emphasis added). HTC America does not satisfy either prong and so these cases should be dismissed for improper venue.

First, HTC America does not reside in this District. In *TC Heartland*, the Supreme Court held that "a domestic corporation 'resides' only in its state of incorporation for purposes of the patent venue statute." 2017 WL 2216934, at *3. HTC America is incorporated in the State of Washington and therefore resides in Washington, not California. *See* Gietzen Decl. ¶ 3.

Second, HTC America does not have a regular and established place of business in this District. HTC America has no offices, warehouses, or facilities in this District. *Id.* ¶ 5. Nor does HTC America have any retail stores in the District. *Id.*; *see also IPCO Hosp. Supply Corp. (Whaledent Int'l Div.) v. Les Fils D'Auguste Maillefer S.A.*, 446 F. Supp. 206, 208 (S.D.N.Y. 1978) (holding that defendant did not have a "regular and established place of business" where it did "not own, lease or control any place of business or 'physical location' within" the district even though it sold products in New York). The vast majority of HTC America's employees are located in the State of Washington. Gietzen Decl. ¶ 4. HTC America only has five employees who reside in the District, all working from their homes in the San Diego area. *Id.* ¶ 10. HTC does not own, lease, or control any of these residences. *Id.* ¶ 10. Four of those employees work in HTC America's in-house legal department. *Id.* The other employee is a director of field sales for HTC America who does not keep an inventory of the accused products at his home. *Id.*; *see also In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985) (distinguishing *University of Illinois Foundation* case because defendants' two employees who worked from home

within the district (1) kept an inventory of accused products in the district, (2) provided technical assistance to customers in the district, and (3) engaged a secretarial service that created an appearance that the corporation had an established place of business in the district); *Univ. of Ill. Found. v. Channel Master Corp.*, 382 F.2d 514 (7th Cir. 1967) (dismissing case for lack of proper venue when the defendant's sole employee in the district worked from home and did not keep an inventory of products for sale). HTC America does not have any employees in the District with unique, relevant knowledge of the Google Maps application on HTC devices. Gietzen Decl. ¶ 10. As a result, venue is not proper in this District because HTC America does not conduct any business in this District through a permanent and continuous presence in the District. *See Cordis*, 769 F.2d at 737 (stating that "the appropriate inquiry is whether the corporate defendant does its business in that district through a permanent and continuous presence there").

InfoGation's assertion that venue is proper because of transactions and alleged acts of infringement in this District is insufficient to confer proper venue after *TC Heartland*. *E.g.*, '743 Complaint ¶ 7. While HTC devices may be sold in this District, "regularly soliciting and making sales to customers in the district" does not equate to "a regular and established place of business" sufficient to confer proper venue. *See Astute Tech., LLC v. Learners Digest Int'l LLC*, No. 2:12-cv-689-WCB, 2014 WL 12596468, at *2, *6 (E.D. Tex. Apr. 28, 2014) (finding that defendant who made regular sales in the district did not have a regular and established place of business in the district); *see also Schnell v. Peter Eckrich & Sons*, 365 U.S. 260, 264 (1961) ("The requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction."). Indeed, the plain language of § 1400(b) makes clear that committing acts of infringement and having a regular and established place of business are two separate requirements, not one and the same. Venue is thus improper here, and the cases against HTC America should be dismissed as a result.

**C. In the Alternative, The Cases Against HTC America And HTC Corp. Should Be Transferred to the Western District of Washington or the Northern District of California, Where the Cases Could Have Originally Been Brought.**

When venue is improper, a court "**shall** dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406 (emphasis added). InfoGation could have originally filed these cases against HTC America and HTC Corp. in the Western District of Washington. Because HTC America is a Washington corporation, it resides in the Western District of Washington. HTC America also maintains its principal place of business and headquarters in Seattle, Washington, which is in the Western District of Washington. Gietzen Decl. ¶ 3.

If the Court is not inclined to dismiss the cases against HTC America, then HTC respectfully requests that the Court transfer the entirety of these cases, including the claims pertaining to HTC Corp. (a foreign corporate defendant) to the Western District of Washington. Because venue is **improper** in this District as to the domestic defendant (HTC America), the Court may—and, as movants respectfully urge, should—transfer the cases against both HTC entities in their entirety. *See Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 296 (3d Cir. 1994). While the Court might choose to sever and retain the claims against HTC Corp., doing so would likely require the same issues to be litigated in two different forums. At least one court has explained that "[w]hen the conduct of a co-defendant as to whom venue is proper is central to the issues raised by plaintiff against those subject to transfer, the grant of a severance would not ordinarily be consistent with the sound exercise of discretion." *Id.*; *see also Trex Co., LLC v. Canton Lumber Co.*, 2001 WL 543227, *8 (W.D. Va. 2001) (stating that, when the court lacked jurisdiction over one of the two defendants, it was in the interest of justice to transfer the case to the district where venue and jurisdiction would be proper for both defendants); *Quality Improvement Consultants, Inc. v. Williams*, 2003 WL 543393, *10 (D.

Minn. 2003) (finding that breaking the case into separate pieces would inconvenience the parties and create additional costs for the parties and for the courts). That is precisely the case here. Severing HTC Corp. from its domestic subsidiary HTC America would likely require duplicative litigation of the same issues in both this Court and the transferee court.

In addition, transfer of the cases against HTC, in its entirety, to the Western District of Washington would be more convenient than severance and retention. The business records of HTC Corp. and HTC America are primarily kept in the State of Washington and Taiwan. Gietzen Decl. ¶ 9. The majority of HTC's employees identified in its initial disclosures live and work in either the State of Washington or in Taiwan. *Id.* ¶ 11. As a result, it would be more convenient for HTC's witnesses to travel to and appear at trial if the cases are transferred to the Western District of Washington. *Id.* Movants respectfully request that the Court transfer the cases against both HTC defendants, if the Court is not inclined to dismiss the cases against HTC America.

In the alternative, transfer of the litigation against HTC, in its entirety, to the Northern District of California would be proper and more convenient than maintaining the case in this District. A subsidiary of HTC Corp. maintains an office in San Francisco, which is in the Northern District of California. Twelve HTC America employees work in that San Francisco office. *Id.* ¶ 12. In addition, InfoGation's infringement allegations are directed at the Google Maps application and third-party Google is based in the Northern District of California, with its headquarters in Mountain View and an office in San Francisco. Dkt. 38-2. The majority of the non-party Google engineer witnesses who work on Google Maps are located in Google's Mountain View or San Francisco offices. *Id.* In addition, the majority of the business records related to Google Maps are maintained in Google's Mountain View or San Francisco offices. *Id.*

## IV. CONCLUSION

Given the Supreme Court's recent decision in *TC Heartland* and the resulting change in law regarding interpretation of the patent venue statute, HTC America respectfully requests that the Court dismiss these cases as against HTC America. In the alternative, HTC America respectfully requests that the Court transfer the cases in their entirety to the Western District of Washington or the Northern District of California, where venue is proper as to both HTC Corp. and HTC America.

Dated: June 12, 2017

VINSON & ELKINS LLP

By: */s/ David J. Tsai*
David J. Tsai (SBN 244479)
(dtsai@velaw.com)
VINSON & ELKINS LLP
555 Mission Street, Suite 2000
San Francisco, CA 94105
Tel: (415) 979-6900
Fax: (415) 651-8786

*Attorneys for Defendants*
HTC CORPORATION and
HTC AMERICA, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 12, 2017, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

*/s/ David J. Tsai*
David J. Tsai