Edward A. Pennington (D.C. Bar No. 422006) (admitted *pro hac vice*)
  epennington@sgrlaw.com
John P. Moy (D.C. Bar No. 466908) (admitted *pro hac vice*)
  jmoy@sgrlaw.com
Sean T.C. Phelan (D.C. Bar No. 997681) (admitted *pro hac vice*)
  sphelan@sgrlaw.com
John P. Pennington (D.C. Bar No. 1018204) (admitted *pro hac vice*)
  jpennington@sgrlaw.com
Darlene K. Tzou (VA Bar No. 91139) (admitted *pro hac vice*)
  dtzou@sgrlaw.com
**SMITH, GAMBRELL & RUSSELL, LLP**
1055 Thomas Jefferson Street, N.W., Suite 400
Washington, D.C. 20007
Telephone: 202.263.4300
Facsimile: 202.263.4329

Michael L. Kirby (SBN 50895)
  mike@kirbyandkirbylaw.com
Heather W. Schallhorn (SBN 299760)
  heather@kirbyandkirbylaw.com
**KIRBY & KIRBY LLP**
501 West Broadway, Suite 1720
San Diego, California 92101
Telephone: 619.487.1500
Facsimile: 619.501.5733

**Attorneys for Plaintiff InfoGation Corp.**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| INFOGATION CORP., | Case No.:   3:16-cv-01902-H-JLB |
| Plaintiff, | 3:17-cv-00646-H-JLB |
| v. | **PLAINTIFF INFOGATION CORP.'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |
| HTC CORPORATION and HTC AMERICA, INC., | |
| Defendants. | |

1

2

## **TABLE OF CONTENTS**

3    I.     INTRODUCTION ...................................................................................................... 1

4    II.    RELEVANT FACTS ................................................................................................. 1

5    III.   RELEVANT LAW .................................................................................................... 3

6
     a.     Venue and Waiver ........................................................................................ 3
7
8    b.     *TC Heartland* and *Fourco* ............................................................................. 4

9    IV.    ARGUMENT ............................................................................................................ 4

10   a.     HTC America waived the defense of improper venue. ................................. 4

11          i.     HTC waived the defense of improper venue by failing to timely file a
12                 motion in the '743 Patent Action ........................................................ 5

13          ii.    The law has not changed. ..................................................................... 6

14          iii.   HTC waived the defense of improper venue by agreeing to consolidate
15                 the '843 Patent Action with the '743 Patent Action.............................. 7

16   b.     Venue is proper. ........................................................................................... 9

17   c.     The interests of judicial economy do not favor transfer................................ 10

18   V.     CONCLUSION ....................................................................................................... 11

19

20

21

22

23

24

25

26

27

28

i

# TABLE OF AUTHORITIES

**Cases**

*Big Horn Cty. Elec. Coop., Inc. v. Adams,*
  219 F.3d 944 (9th Cir. 2000) ............................................................. 4

*Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.,*
  406 U.S. 706 (1972)........................................................................... 4

*Brunswick Corp. v. Suzuki Motor Co.,*
  575 F. Supp. 1412 (E.D. Wisc. 1983)................................................ 10

Cobalt Boats, LLC v. Sea Ray Boats, Inc.,
  *No. 2:15-CV-21, 2017 WL 2556679 (E.D. Va. June 7, 2017)* ......................... 7

*CPG Prods. Corp. v. Mego Corp.,*
  214 U.S.P.Q. 129 (S.D. Ohio 1980) .................................................. 10

*Curtis Publishing Co. v. Butts,*
  388 U.S. 130 (1967)........................................................................... 4

*Fourco Glass Co. v. Transmirra Products Corp.,*
  353 U.S. 222 (1957)........................................................................... 4

*GTE Sylvania, Inc. v. Consumer Prods. Safety Comm'n,*
  438 F. Supp. 208 (D. Del.1977).......................................................... 11

*Hoffman v. Blaski,*
  363 U.S. 335 (1960)........................................................................... 5

*In re Cordis Corp.,*
  769 F.2d 733 (Fed. Cir. 1985) ............................................................ 9

*Instrumentation Specialties Co. v. Waters Assocs., Inc.,*
  196 U.S.P.Q. 684 (N.D. Ill. 1977) ..................................................... 10

*Leroy v. Great W. United Corp.,*
  443 U.S. 173 (1979)........................................................................... 4

*Optical Recording Corp. v. Capitol–EMI Music, Inc.,*
  803 F. Supp. 971 (D. Del.1992).......................................................... 11

Peterson v. Highland Music, Inc.,
  *140 F.3d 1313 (9th Cir.1998)* ............................................................ 6

# TABLE OF AUTHORITIES CONT.

**Cases**

*Shelter–Lite Inc. v. Reeves Bros., Inc.,*
   356 F. Supp. 189 (N.D. Ohio 1973)......................................................... 10

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC,*
   137 S. Ct. 1514 (2017).................................................................... 4, 7, 9

Thurston Motor Lines. Inc. v. Jordan K. Rand, Ltd.,
   *460 U.S. 533 (1983)* .......................................................................... 7

*USA Petroleum v. Atl. Richfield Co.,*
   13 F.3d 1276 (9th Cir. 1992) ................................................................ 4

*VE Holding Corp. v. Johnson Gas Appliance Co.,*
   917 F.2d 1574 (Fed. Cir. 1990) ............................................................ 4

Wordtech Sys. Inc. v. Integrated Network Sols., Corp.,
   *No. 2:04-cv-01971, 2014 WL 2987662 (E.D. Cal. Jul. 1, 2004)* ..................... 6

**Statutes**

28 U.S.C. § 1391(c)(3) ........................................................................ 3

28 U.S.C. § 1400(b)......................................................................... 3, 9

28 U.S.C. § 1406(b)......................................................................... 4, 5

iii

Plaintiff InfoGation Corp. ("InfoGation") opposes Defendants HTC's[1] Motion Regarding Improper Venue.

## I.   Introduction

After making multiple failed attempts to stay this case and to avoid a trial on the merits, participating fully in discovery, negotiating a consolidation of the '743 Patent Action with the '843 Patent Action, HTC America, Inc. ("HTC America") now asks this court to dismiss the Consolidated Action for improper venue or, in the alternative, to transfer this case away from the Southern District of California. This request should be denied because HTC America has waived the defense of improper venue under 28 U.S.C. § 1400(b) by failing to timely and sufficiently object. Further, HTC America's request should be denied because venue is proper. Finally, HTC America's request to transfer should be denied because the interest of judicial economy does not favor transfer.

## II.   Relevant Facts

InfoGation filed a complaint (the "'743 Complaint") alleging infringement of U.S. Patent No. 6,292,743 against HTC America on July 27, 2016 ("'743 Patent Action"). (Dkt. No. 1). HTC America was served with the '743 Complaint on August 11, 2016. (Dkt. No. 17). HTC America filed its answer and counterclaims for non-infringement and invalidity in response to the '743 Complaint (the "'743 Answer") on November 1, 2016. (Dkt. No. 21). In the '743 Answer, HTC America denied that venue was proper. (*Id.* at ¶ 7).

On November 4, 2016, the Court issued a tentative scheduling order in the '743 Patent Action. (Dkt. No. 26). After receiving the tentative scheduling order, InfoGation and HTC America jointly agreed to proposed changes to the Court's tentative scheduling order which were submitted to the Court on November 13, 2016 (Dkt. No. 31).   On November 18, 2016, HTC America and InfoGation participated in a telephonic case

---

[1] Defendants "HTC" includes HTC Corporation ("HTC Corp.") and HTC America, Inc.

management conference with the Court to discuss scheduling issues in the '743 Patent Action. (Dkt. No. 36). The Court issued an amended scheduling order on November 22, 2016 (the "'743 Scheduling Order") that embodied HTC America's and InfoGation's proposed changes to the tentative scheduling order. (Dkt. No. 31).

On November 22, 2016, HTC America filed a motion to stay (the "First Motion to Stay") the '743 Patent Action pending resolution of a declaratory judgment action filed by Google, Inc. ("Google") in the Northern District of California. (Dkt. No. 38). The Court denied HTC America's First Motion to Stay. (Dkt. No. 46).

On December 2, 2016, InfoGation served its disclosure of Asserted Claims and Infringement Contentions against HTC America with the accompanying document production pursuant to the '743 Scheduling Order. (Dkt. No. 31). On January 27, 2017, HTC America served its Invalidity Contentions on InfoGation with the accompanying document production pursuant to the '743 Scheduling Order and served its Amended Invalidity Contentions on March 27, 2017. (*Id.*; Pennington Decl. at Ex. A). In addition to these disclosures, HTC America has served interrogatories, document requests, and requests for admission on InfoGation and responded to InfoGation's discovery requests. *See* Pennington Decl. at Ex. B-E (e-mail service).

On February 9, 2017, HTC America and InfoGation participated in an Early Neutral Evaluation Conference ("ENE") with Magistrate Judge Jill L. Burkhardt in an attempt to reach a settlement. (Dkt. No. 48). Shortly after the ENE, HTC America filed a motion for judgment on the pleadings (the "101 Motion") under 35 U.S.C. § 101. (Dkt. No. 48). The Court denied HTC America's 101 Motion. (Dkt. No. 63).

On March 30, 2017, InfoGation filed a complaint (the "'843 Complaint") alleging infringement of U.S. Patent No. 9,528,843 against HTC America ("'843 Patent Action"). (3:17-cv-00646, Dkt. No. 1).

On April 17, 2017, HTC America filed a second motion to stay the '743 Patent Action (the "Second Motion to Stay") pending resolution of a request by Google to the Patent Trial and Appeal Board for institution of an *Inter Partes* Review Proceeding. (Dkt.

No. 70). The Court denied HTC America's Second Motion to Stay. (Dkt. No. 80). After the denial, HTC America and InfoGation submitted a joint motion to consolidate ("Joint Motion to Consolidate") the '743 Patent Action and the '843 Patent Action. (Dkt. No. 76). HTC America and InfoGation represented in the Joint Motion to Consolidate that, *inter alia*,

> given the overlap between the '743 Patent Action's and '843 Patent Action's parties, claims, accused products, and patents, the parties proposed consolidation and case schedule modification would further the interests of judicial economy by reducing litigation costs substantially for the Court and the parties and by avoiding duplication of efforts because there need only be one trial . . . concerning the two related patents . . . since the witnesses, evidence, discovery, and issues are largely overlapping between the two actions; . . . a consolidated case schedule can expediently resolve Plaintiff's allegations concerning both the '743 Patent and '843 Patent. . . .

(Dkt. No. 76, at 3). The schedule proposed by HTC America and InfoGation in the Joint Motion to Consolidate required that HTC America answer the '843 Complaint by June 12, 2017. (Dkt. No. 76, at 4). The Court granted the Joint Motion to Consolidate. (Dkt. No. 81). On May 5, 2017, after receiving full briefing and argument from HTC America and InfoGation, the Court issued a claim construction order for the '743 Patent. (Dkt. No. 78).

On June 12, 2017, Defendant HTC Corporation filed its answer and counterclaim in response to the '843 Complaint. (Dkt. No. 96). On the same day, HTC America filed a motion to dismiss the '843 Complaint for improper venue (the "Venue Motion"). (Dkt. No. 97).

## III.   Relevant Law

### a.   Venue and Waiver

Venue in patent cases is proper in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business. 28 U.S.C. § 1400(b).  With respect to foreign defendants, 28 U.S.C. § 1391(c)(3), provides, "[f]or all venue purposes . . . a person not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other

defendants." Section 1391(c)(3) applies "[f]or all venue purposes." *See Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 714 (1972) (Section 1391(c)(3) "is properly regarded not as a venue restriction at all, but rather as a declaration of the long-established rule that suits against aliens are wholly outside the operation of all the federal venue laws, general and special").

Venue is a waivable defense. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 180 (1979). Nothing in the statutory venue chapter "shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue." 28 U.S.C. § 1406(b).

Intervening changes in the law can create an exception to the waiver rule for law. *Big Horn Cty. Elec. Coop., Inc. v. Adams*, 219 F.3d 944, 953 (9th Cir. 2000) (citing *Curtis Publishing Co. v. Butts*, 388 U.S. 130, 142-43 (1967); *USA Petroleum v. Atl. Richfield Co.*, 13 F.3d 1276, 1285 (9th Cir. 1992)).

### b. *TC Heartland* and *Fourco*

The Supreme Court held that its 1957 decision in *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 226 (1957) is still good law. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1520 (2017). Specifically, the Court considered whether the amendments to 28.U.S.C. § 1391 changed the meaning of § 1400(b) as indicated by the Federal Circuit in *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1579 (Fed. Cir. 1990). The Supreme Court found that "[t]he current version of § 1391 does not contain any indication that Congress intended to alter the meaning of § 1400(b) as interpreted in *Fourco*." *TC Heartland*, 137 S. Ct. at 1520.

## IV. ARGUMENT

### a. HTC America waived the defense of improper venue.

HTC America waived the defense of improper venue by waiting nearly a year to bring the Venue Motion.

28 U.S.C. § 1406(a) directs a court to dismiss or transfer a case where there is improper venue, however, this direction is conditioned upon a party making a "timely and sufficient" objection to venue. 28 U.S.C. § 1406(b).  In other words, a party that fails to make a timely and sufficient objection to venue loses the ability to challenge the jurisdiction of a court even when venue is improper. The Supreme Court has observed that "venue, like jurisdiction over the person, may be waived. A defendant, properly served with process by a court having subject matter jurisdiction, waives venue by failing seasonably to assert it." *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

Since the filing of this case nearly a year ago, HTC America has engaged extensively in discovery, participated in a settlement conference, submitted claim construction arguments, brought three separate motions seeking dismissal or a stay of the prosecution of the '743 Patent Action, and negotiated the Joint Motion to Consolidate with InfoGation. However, during all of this time, HTC America never brought a motion to dismiss or transfer for improper venue until it filed the present Venue Motion on June 12, 2017. Despite the lengthy delay in bringing its Venue Motion, HTC America asserts that it has not waived the defense of improper venue because 1) with respect to the '743 Patent Action, it lacked the ability to challenge venue due to the authority of the Federal Circuit in *VE Holding,* and 2) it has not yet answered the '843 Complaint.

The Court should reject these arguments for the reasons set forth below.

### i.   HTC waived the defense of improper venue by failing to timely file a motion in the '743 Patent Action

To raise the issue of venue, § 1406(b) unambiguously requires that HTC America make a timely and sufficient objection to venue. HTC America denied that venue was proper in its '743 Answer on November 1, 2016, but then waited until June 12, 2017 to file its Venue Motion. This is not a timely and sufficient objection; this is a clear choice to avoid challenging venue in the '743 Patent Action.  Indeed, while HTC, as described in **Section II** above, has pursued a litany of failed strategies designed to stall or halt the

prosecution of InfoGation's case, HTC waited to file a Venue Motion in the '743 Patent Action until nearly 11 months after the filing of the '743 Complaint. The absence of an HTC venue motion in an otherwise crowded docket of HTC's dilatory and dispositive motion practice further signals that HTC made an affirmative decision not to challenge venue. Indeed, this fact is explicitly acknowledged in HTC's Venue Motion. (Dkt. No. 96, at 2-3).

HTC's decision not to challenge venue is not saved by its denial of venue in the '743 Answer. "[M]erely filing an initial venue objection does not preclude subsequent waiver of the objection." *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir.1998) (Rule 12 defenses "may be waived as a result of the course of conduct pursued by a party during litigation"); *see also Wordtech Sys. Inc. v. Integrated Network Sols., Corp.*, No. 2:04-cv-01971, 2014 WL 2987662, at *4 (E.D. Cal. Jul. 1, 2004) (finding that the defendants waived the right to challenge venue, despite initially asserting that venue was improper in their answer to the First Amended Complaint, because defendants allowed several years to pass).

As described in **Section II**, since denying that venue was proper in the '743 Answer, HTC America has participated fully in discovery, claim construction, motion practice, and settlement negotiations in the '743 Patent Action while failing to make any further challenge to venue until now. Litigation and discovery in the '743 Patent Action, as with most patent cases, is expensive, time consuming, and burdensome on both the parties and the Court (and by extension the public). HTC America's course of conduct in the '743 Patent Action, therefore, is exactly the type of behavior that should result in the waiver of a Rule 12(b)(3) defense.

### ii.  The law has not changed.

HTC America attempts to excuse its waiver on the ground that the Supreme Court in *TC Heartland* changed the law governing venue in patent cases by overruling the Federal Circuit's decision in *VE Holding*. This allegation of an intervening change in law

law is false. In *TC Heartland*, the Supreme Court affirmed that its ruling on patent venue in *Fourco* has been good law since 1957. As a result, there is no exception or excuse for HTC America's delay in filing the Venue Motion in the '743 Patent Action.

Specifically, in *TC Heartland*, the Supreme Court recently held that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute," which reiterates the decision in *Fourco*. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017). The Supreme Court in *TC Heartland* addressed whether the amendments to 28 U.S.C. § 1391 changed the meaning of 28 U.S.C. § 1400(b) and ultimately found that "[t]he current version of § 1391 does not contain any indication that Congress intended to alter the meaning of § 1400(b) as interpreted in *Fourco*." 137 S. Ct. at 1520.

The Supreme Court did not overrule *Fourco*, and the Federal Circuit cannot overrule binding Supreme Court precedent. *See Thurston Motor Lines. Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 535 (1983) ("Needless to say, only this Court may overrule one of its precedents."). Therefore, the Supreme Court's decision in *TC Heartland* did not change the law with respect to patent venue and cannot create an exception for HTC America's waiver as an intervening change in law. As explained by the United States District Court for the Eastern District of Virginia, "*TC Heartland* does not qualify for the intervening law exception to waiver because it merely affirms the viability of *Fourco*." *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15-CV-21, 2017 WL 2556679, at *3 (E.D. Va. June 7, 2017).

Thus, HTC America's waiver of its ability to challenge venue does not fall within an exception to the waiver rule because the law has not changed.

### iii. HTC waived the defense of improper venue by agreeing to consolidate the '843 Patent Action with the '743 Patent Action.

HTC America's argument that waiver with respect to the '843 Patent Action has not occurred because it has not filed an Answer to the '843 Complaint is wrong. The '843

1  Complaint was filed against HTC America on March 30, 2017. (3:17-cv-00646, Dkt. No.
2  1). After the filing of the '843 Complaint, HTC America negotiated the Joint Motion to
3  Consolidate. (Dkt. No. 76). In the Joint Motion to Consolidate, HTC America represented
4  that, *inter alia*, a rationale for consolidating the cases would be to "allow Plaintiff's
5  allegations concerning the '843 Patent at issue in its later-filed action to be resolved
6  sooner than if the two actions were not consolidated." *Id.* at 3. Further, HTC America
7  represented that the consolidation would "avoid [the] duplication of efforts because there
8  need only be one trial." *Id.* HTC America also represented that the proposed schedule
9  contained in the Joint Motion for Consolidation

> pauses activities in the '743 Patent Action after the claim construction
> hearing in that action (scheduled for May 5, 2017) is completed while
> accelerating activities in the '843 Patent Action (including contentions and
> claim construction) to allow its case schedule to catch up to the '743 Patent
> Action.

13  *Id.* The schedule proposed by HTC America and InfoGation contained a deadline of July
14  12, 2017 for HTC America to answer the '843 Complaint. *Id.* at 4. In the Joint Motion to
15  Consolidate, HTC America made no reservations of rights to file a motion to dismiss in
16  lieu of an Answer or any other indication that it wished to preserve a venue objection. All
17  of HTC America's representations to the Court signaled that it intended to litigate the
18  '843 Patent Action in the Southern District of California. In the context of the purpose of
19  the parties' Joint Motion to Consolidate, HTC America's representations to the Court
20  therein constitutes waiver. However, instead of filing an Answer on the date proposed by
21  HTC America to the court, HTC America sought dismissal for improper venue. This is
22  gamesmanship by HTC America and should be discouraged.

23       HTC America waived its ability to challenge venue through its representations in
24  the Joint Motion to Consolidate. To the extent that HTC America argues that the waiver
25  of a venue challenge in the '843 Action is excused by the Supreme Court's decision in
26  *TC Heartland,* the Court should reject that argument for the reasons set forth in above.
27  *See supra* Section II(a)(ii).

28

### b. Venue is proper.

This case should not be dismissed even if the Court finds that HTC America has not waived its ability to challenge venue because venue is proper under the second prong of the patent venue statute. The venue statute provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).  The statute, therefore, sets out two paths to establish venue.  Venue is proper "where the defendant resides" or "where the defendant has committed acts of infringement and has a regular and established place of business." In the *TC Heartland* decision, the Supreme Court only addressed the meaning of "where the defendant resides," and did not address the second path to venue under § 1400(b). *See TC Heartland*, 137 S. Ct. at 1516 (2017). In this litigation, venue is proper because HTC America has committed acts of infringement in the District and has a regular and established place of business in the District.

In its Venue Motion, HTC America admits that 1) HTC devices are sold in this District and it has several employees, including **a director of field sales**, located in this District. (*See* Dkt. No. 96-1, at 7; Dkt. No. 96-2, ¶ 10) (emphasis added). HTC America's declarant, Sherrie Geitzen, implicitly acknowledges that some of these employees have relevant knowledge of the Google Maps application on the HTC Devices by adding a qualification to paragraph 10 of her declaration to provide that none of these employees have "*unique*, relevant knowledge of the Google Maps application on HTC devices." (*See* Dkt. No. 96-2, ¶ 10) (emphasis added). Even without an HTC America office, the presence of sales people in this district is sufficient to demonstrate that HTC America is subject to patent venue in this District.  Indeed, the Federal Circuit has found that the presence of salespeople in a district, even without a physical office, may suffice for patent venue. *See In re Cordis Corp.*, 769 F.2d 733, 735–37 (Fed. Cir. 1985). Courts have found this element to be met even when the sole presence of a defendant in a venue is found by the activities of employees operating out of home offices.  *See Brunswick Corp.*

1  *v. Suzuki Motor Co.*, 575 F. Supp. 1412, 1424 (E.D. Wisc. 1983) ("This court does not

2  lack venue over [defendant] simply because it rents no real estate in Wisconsin. Its

3  employees are here. They own or rent homes here, and they essentially work out of their

4  homes. U.S. Suzuki's motion to dismiss for improper venue under 28 U.S.C. § 1400(b)

5  must be denied."); *see also Shelter–Lite Inc. v. Reeves Bros., Inc.*, 356 F. Supp. 189 (N.D.

6  Ohio 1973); *Instrumentation Specialties Co. v. Waters Assocs., Inc.*, 196 U.S.P.Q. 684

7  (N.D. Ill. 1977); *CPG Prods. Corp. v. Mego Corp.*, 214 U.S.P.Q. 129 (S.D. Ohio 1980).

8      Further, while HTC America claims that it has no "offices, warehouses, or

9  facilities in this District," its admission that HTC devices are sold in this district indicates

10  that it at least has distributors located in this District. Conspicuously absent from the

11  Venue Motion and Ms. Geitzen's declaration are any facts relating to the distributors

12  through which HTC devices are sold or the measure of control exercised by HTC

13  America over those distributors. These facts may have been intentionally omitted because

14  they could have provided a sufficient basis to demonstrate that HTC America has a

15  regular and established place of business in this District. For these reasons, venue is

16  proper in this district as to HTC America.

17      **c. The interests of judicial economy do not favor transfer.**

18      If this Court declines HTC America's request to dismiss the case for improper

19  venue, HTC America and HTC Corp. jointly ask the Court to transfer the Consolidated

20  Action against both HTC America and HTC Corp. to either the Western District of

21  Washington or the Northern District of California "in the interest of justice." (Dkt. No.

22  96-1, at 12).  As initial matter, by omitting HTC Corp. from the motion to dismiss, HTC

23  America implicitly concedes that venue is proper as to HTC Corp. under 28 U.S.C. §

24  1391(c)(3) due to its status as a foreign defendant. Further, the appeal to judicial

25  economy by HTC America and HTC Corp. is farcical. The parties have already expended

26  enormous resources to bring this litigation in the Southern District of California and to

27  consolidate the two separate patent actions to promote judicial economy. Further, it is

28  unclear what schedule or trial date could be accommodated in either the Western District

of Washington or the Northern District of California. There is no doubt that the schedule would be extended and the trial date would be later.

In addition to the fact that HTC America waived its ability to challenge venue, judicial economy does not favor transfer of this case. This Court has invested a great deal of time and energy learning the facts relevant to these proceedings. The Western District of Washington and the Northern District of California would undoubtedly require significant time to learn this information. This disfavors transfer. *See GTE Sylvania, Inc. v. Consumer Prods. Safety Comm'n*, 438 F. Supp. 208, 212 (D. Del.1977) (denying motion to transfer venue where "a voluminous record relating to the merits of this case is already before the Court"); *Optical Recording Corp. v. Capitol–EMI Music, Inc.*, 803 F. Supp. 971, 974 (D. Del.1992) (denying the motion to transfer venue because "[t]he Court's familiarity with the subject matter of the litigation [would] reduce the expenditure of judicial resources in the handling of this matter").

## V.  Conclusion

The Court should deny HTC America's request because HTC America waived its ability to challenge venue, venue is proper, and the interest of judicial economy does not favor transfer.


DATED: June 26, 2017                KIRBY & KIRBY LLP,


By:    /s/ Michael L. Kirby
       Michael L. Kirby
       Heather W. Schallhorn
Attorneys for Plaintiff InfoGation Corp.

1

**PROOF OF SERVICE**

2

***INFOGATION vs. HTC CORPORATION, et al.***
United States District Court, for the Southern District of California

3

**Case No.:** 16-cv-1902-H-JLB and 3:17-cv-00646-H-JLB

4

.

5

     The undersigned hereby certifies that a true and correct copy of the above and

6

foregoing document has been served on June 26, 2017, to all counsel of record who

7

are deemed to have consented to electronic service via the Court's CM/ECF system

8

per Civil Local Rule 5.4.

9

10

                                      */s/ Julie A. Roland*
                                      Julie A. Roland

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{K&K02071161}