# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFOGATION CORP., <br><br> Plaintiff, <br><br> v. <br><br> HTC CORPORATION; and HTC AMERICA, INC., <br><br> Defendants. | Consolidated Case No.: 16-cv-01902-H-JLB <br><br> **ORDER DENYING DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE** <br><br> [Doc. No. 96.] |

On June 12, 2017, Defendants HTC Corporation and HTC America, Inc. filed a motion to dismiss the action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). (Doc. No. 96.) On June 26, 2017, Plaintiff Infogation Corp. filed an opposition to Defendants' motion to dismiss. (Doc. No. 98.) On June 28, 2017, the Court took the matter under submission. (Doc. No. 99.) On July 3, 2017, Defendants filed their reply. (Doc. No. 101.) For the reasons below, the Court denies Defendants' motion.

## **BACKGROUND**

On July 27, 2016, Plaintiff InfoGation filed a complaint for patent infringement against Defendants HTC Corp. and HTC America, alleging infringement of U.S. Patent

1

No. 6,292,743.[1] (Doc. No. 1.) Specifically, Plaintiff alleges that Defendants' smartphones, which run the Android operating system and can connect to a Google Maps navigation server through a wireless carrier's network data, infringe, either literally or through the doctrine of equivalents, claim 15 of the '743 patent. (Id.)

On November 1, 2016, Defendants filed an answer and counterclaims to Plaintiff's complaint. (Doc. No. 21) In the answer, Defendants denied that venue was proper in this district. (Id. ¶ 7.) On November 21, 2016, Defendants filed a motion to stay the action pending resolution of a later-filed declaratory judgment action pending in the Northern District of California: Google Inc. v. InfoGation Corp., No. 3:16-cv-05821-VC (N.D. Cal., filed Oct. 7, 2016). (Doc. No. 38.) On November 22, 2016, the Court issued a scheduling order for the action setting forth all dates leading up to trial. (Doc. No. 39.) On December 21, 2016, the Court denied without prejudice Defendants' motion to stay. (Doc. No. 46.)

On December 2, 2016, Plaintiff served its infringement contentions. (Doc. No. 89-1, Apreotesi Decl. Ex. A.) On January 27, 2017, Defendants served their invalidity contentions. (Id. Ex. B.) On February 24, 2017, Defendants filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on the basis that the '743 patent is invalid under 35 U.S.C. §101. (Doc. No. 49.) On March 27, 2017, the Court denied Defendants' motion for judgment on the pleadings. (Doc. No. 63.) On March 27, 2017, Defendants served amended invalidity contentions. (Doc. No. 82-1, Pennington Decl. Ex. F.)

On March 30, 2017, Plaintiff filed a separate complaint for patent infringement against Defendants, alleging infringement of U.S. Patent No. 9,528,843. (17-cv-646-Doc. No. 1.) On April 17, 2017, Defendants filed a motion to stay the action pending *inter partes* review proceedings as to the '743 patent. (Doc. No. 70.) On May 2, 2017, the

---

[1] On July 26, 2017, Plaintiff also filed complaints for patent infringement against ZTE (USA), Inc. and Huawei Device USA, Inc. (See InfoGation Corp. v. ZTE Corp., No. 16-cv-1901-H-JLB, Doc. No. 1 (S.D. Cal., filed July 26, 2017); InfoGation Corp. v. Huawei Technologies Co., No. 16-cv-1903-H-JLB, Doc. No. 1 (S.D. Cal., filed July 26, 2017).) Those two other actions currently remain pending before this Court.

parties filed a joint motion to consolidated Case No. 17-cv-646 with Case No. 16-cv-1902 pursuant to Federal Rule of Civil Procedure 42(a). (Doc. No. 76.)

On May 5, 2017, the Court issued a claim construction order, construing terms from the '743 patent. (Doc. No. 78.) On May 9, 2017, the Court granted the parties' joint motion to consolidate, consolidated Case No. 17-cv-646 with Case No. 16-cv-1902, and issued an amended scheduling order for the consolidated action. (Doc. No. 81.) On June 7, 2017, the Court issued an order resolving a dispute between the parties regarding Plaintiff's disclosure of its asserted priority date for the '743 patent. (Doc. No. 91.) By the present motion, Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. §§ 1400(b), 1406(a) to dismiss the consolidated action for improper venue or, in the alternative, to transfer the action to either the Western District of Washington or the Northern District of California. (Doc. No. 96-1 at 1.)

## **DISCUSSION**

### I. Legal Standards

28 U.S.C. § 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Under Federal Rule of Civil Procedure 12(b)(3), a party may move to dismiss an action for "improper venue." In deciding a Rule 12(b)(3) motion, a court need not accept the pleadings as true and may consider facts outside the pleadings. Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1137 (9th Cir. 2004). Once a defendant raises an objection to venue, the plaintiff bears the burden of establishing that the selected venue is proper. See Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979); Kaia Foods, Inc. v. Bellafiore, 70 F. Supp. 3d 1178, 1183 (N.D. Cal. 2014).

In patent infringement actions, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b); see TC Heartland LLC v. Kraft Foods Grp. Brands LLC, 137 S. Ct. 1514, 1516 (2017). In TC Heartland, 137 S. Ct.

3

at 1517, the Supreme Court recently reaffirmed its decision in Fourco Glass Co. v. Transmirra Products Corp., 353 U.S. 222, 226 (1957), and held "that a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute."

## II. Analysis

Defendants argue that the action should be dismissed for improper venue because Defendant HTC America neither "resides" nor "has a regular established place of business" in the Southern District of California. (Doc. No. 96-1 at 5-7.) In response, Plaintiff argues that Defendants waived their defense of improper venue. (Doc. No. 98 at 4-8.) The Court agrees with Plaintiff.

A defense of improper venue is waivable. See Leroy v. Great W. United Corp., 443 U.S. 173, 180 (1979); Hoffman v. Blaski, 363 U.S. 335, 343 (1960); Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014); see also 28 U.S.C. § 1406(b) ("Nothing in th[e venue] chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue."). "A defendant must object to venue by motion or in his answer to the complaint or else his objection is waived." Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (citing Fed. R. Civ. P. 12(h)); see also City of S. Pasadena v. Mineta, 284 F.3d 1154, 1156 (9th Cir. 2002) ("[M]ost jurisdictional objections—such as defects in personal jurisdiction, venue or service of process—are waived unless asserted early in the litigation."). Here, Defendants denied that venue was proper in this District in their answer to the '743 patent complaint. (Doc. No. 21 ¶ 7.)

Nevertheless, "merely filing an initial venue objection does not preclude subsequent waiver of the objection." Wordtech Sys. Inc. v. Integrated Network Sols., Corp., No. 2:04-CV-01971-TLN, 2014 WL 2987662, at *3 (E.D. Cal. July 1, 2014); see Peterson v. Highland Music, Inc., 140 F.3d 1313, 1318 (9th Cir. 1998) ("Rule 12(h)(1) specifies the minimum steps that a party must take in order to preserve a defense. It does not follow, however, that a party's failure to satisfy those minimum steps constitutes the only

4

circumstance under which the party will be deemed to have waived a defense."). A defense of improper venue "may be waived as a result of the course of conduct pursued by a party during litigation." Peterson, 140 F.3d at 1318; see Meras Eng'g, Inc. v. CH2O, Inc., No. C-11-0389 EMC, 2013 WL 146341, at *7 (N.D. Cal. Jan. 14, 2013) ("[C]ourts have recognized that a defendant who has properly raised the defense of improper venue may later waive it by its conduct in litigation."); see, e.g., Misch on Behalf of Estate of Misch v. Zee Enterprises, Inc., 879 F.2d 628, 631-32 (9th Cir. 1989) (finding that the defendants waived their motion to dismiss for improper venue based on their conduct in the litigation, specifically by previously filing a motion for summary judgment).

Here, Defendants waived any challenge to venue in this Court through their conduct in the litigation. Prior to filing the present motion to dismiss for improper venue, Defendants have litigated the consolidated action in this Court for approximately a year, including by serving invalidity contentions, filing two motions to stay, filing a motion for judgment on the pleadings, and participating in claim construction of the '743 patent. (See Doc. Nos. 38, 49, 69, 70; Doc. No. 89-1, Apreotesi Decl. Ex. B.) The Court finds particularly important the fact that Defendants filed a motion for judgment on the pleadings seeking to invalidate the '743 patent under 35 U.S.C. § 101. "'[C]ourts have found implied waiver of venue where a party has . . . actively pursued substantive motions.'" Meras Eng'g, 2013 WL 146341, at *8 (quoting Ferraro Foods, Inc. v. M/V IZZET INCEKARA, No. 01 CIV. 2682 (RWS), 2001 WL 940562, at *4 (S.D.N.Y. Aug. 20, 2001)). Thus, filing a motion for judgment on the pleadings on the issue of invalidity prior to filing a motion to dismiss for improper venue "constitutes a tacit admission on the part of the movant that the court has personal jurisdiction, that venue is properly laid there, and that the court should dispose of the case on its merits." Misch, 879 F.2d at 631-32; see also Fed. R. Civ. P. 12(g)(2) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."). Accordingly, Defendants waived their defense of improper venue as a result of their course of conduct in the litigation. See, e.g., Misch, 879 F.2d at

631-32; Wordtech, 2014 WL 2987662, at *3-4; Amax, Inc. v. ACCO Brands Corp., No. CV 16-10695-NMG, 2017 WL 2818986, at *2 (D. Mass. June 29, 2017) ("By filing an early motion for summary judgment, defendant abandoned its defense of improper venue.").

Further, the Court rejects Defendants' assertion that no waiver has occurred because HTC America has not filed an answer to the '843 patent complaint. (Doc. No. 96-1 at 5; Doc. No. 101 at 6.) Although HTC America has not yet filed an answer to Plaintiff's complaint alleging infringement of the '843 patent, the Court has consolidated Case No. 17-cv-646 with Case No. 16-cv-1902 pursuant to Federal Rule of Civil Procedure 42(a) upon a joint motion by the parties, including HTC America. (Doc. Nos. 76, 81.) By moving to consolidate the '843 patent action with the '743 patent action, where Defendants had previously filed a substantive motion, Defendants waived their improper venue defense as to the consolidated action as a whole and as to the '843 patent action specifically.

In addition, the Court rejects Defendants' argument that no waiver has occurred because there has been an intervening change in controlling law, specifically the Supreme Court's recent decision in TC Heartland. (Doc. No. 96-1 at 3-5; Doc. No. 101 at 2-6.) An exception to the general rule of waiver "is recognized when an intervening decision from a superior court changes the controlling law." Beazer E., Inc. v. Mead Corp., 525 F.3d 255, 263 (3d Cir. 2008); accord Holland v. Big River Minerals Corp., 181 F.3d 597, 605 (4th Cir. 1999). Nevertheless, several district courts have held that the Supreme Court's decision in "TC Heartland does not qualify for the intervening law exception to waiver because it merely affirms the viability of Fourco." Cobalt Boats, LLC v. Sea Ray Boats, Inc., No. 2:15CV21, 2017 WL 2556679, at *3 (E.D. Va. June 7, 2017); accord iLife Techs., Inc. v. Nintendo of Am., Inc., No. 3:13-CV-04987, 2017 WL 2778006, at *5-7 (N.D. Tex. June 27, 2017) ("[T]he Court concludes that TC Heartland does not qualify as an intervening change in law."); Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC, No. 215CV00037RWSRSP, 2017 WL 2651618, at *20 (E.D. Tex. June 20, 2017); Amax, 2017 WL 2818986, at *3. The Court agrees with the reasoning and analysis contained in

these district court decisions and, thus, the Court also holds that the Supreme Court's decision in TC Heartland does not excuse Defendants' waiver as to venue in this District.

In sum, Defendants waived their defense of improper venue. Accordingly, the Court denies Defendants' motion to dismiss for improper venue.[2]

## CONCLUSION

For the reasons above, the Court denies Defendants' motion to dismiss the action for improper venue or, in the alternative, to transfer the action.

**IT IS SO ORDERED.**

DATED: July 5, 2017

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[2] In addition, the Court notes that transfer of the consolidated action would not be in the interests of justice given the time the Court has expended and the knowledge of the patents-in-suit the Court has gained in resolving the parties' motions and claim construction disputes in this consolidated action and the related actions. The Court further notes that although Defendants contend that venue in this District is improper as to Defendant HTC America, Defendants do not dispute that the Court properly possesses venue over Defendant HTC Corp., a foreign corporation. See 28 U.S.C. § 1391(c)(3) ("[A] defendant not resident in the United States may be sued in any judicial district."); Brunette Mach. Works, Ltd. v. Kockum Indus., Inc., 406 U.S. 706, 711 (1972) ("[S]uits against aliens are outside the scope of all the venue laws."); see also TC Heartland, 137 S. Ct. at 1520 n.2 ("The parties dispute the implications of petitioner's argument for foreign corporations. We do not here address that question, nor do we express any opinion on this Court's holding in Brunette Machine."). (See Doc. No. 96-1 at 8-9.)